# DOROTHY L. REAMER

## V.

# NATIONAL SERVICE INDUSTRIES

Record No. 870232

March 3, 1989

Present: Compton, Stephenson, Russell, Thomas, Whiting, and Lacy, JJ., and Poff, Senior Justice

*Michael H. Dills* for appellant.
*William C. Walker (Suzanne Reigel; Taylor & Walker, P.C.,* on brief), for appellee.

POFF, Senior Justice, delivered the opinion of the Court.

In this common-law negligence action by an employee against her employer, the sole question is whether the trial court erred in ruling that the plaintiff's exclusive remedy is a claim under the Workers' Compensation Act (the Act).

We review the facts drawn from the motion for judgment, the plaintiff's deposition admitted into evidence by consent, and a statement of facts to which the parties have stipulated. Dorothy Reamer was employed as a salesperson by National Services, Inc., t/a Certified Furniture Sales (National), at a furniture-rental store located in a small "strip" shopping center. The store had a public entrance at the front and an employees' entrance at the rear. The employees' door was secured by a pushbutton lock on the doorknob and by a dead bolt. Customarily, this door remained locked when closed, and only employees had keys.

About 12:30 p.m. on December 21, 1984, one of Ms. Reamer's fellow employees left the store through the rear door. Shortly thereafter, she heard a knock on the door. Thinking her fellow employee was returning, Ms. Reamer opened the door. A man wearing a ski mask forced entry into the store, instructed Ms. Reamer, "Don't look at me", and inquired, "Is anyone in the store?" When Ms. Reamer assured him that she was alone, he held a knife to her throat, shoved her into the bathroom, closed the door behind him, and raped and sodomized his victim.

Leaving Ms. Reamer in the bathroom, the man went into the store, took ten dollars from her purse, returned to the bathroom, and sexually assaulted his victim a second time. Warning her that he would kill her and her children if she reported the offenses to the police, the assailant left the bathroom and closed the door. Ms. Reamer heard the man rummaging around in the store, and after he left, she discovered that he had stolen cash and checks from the petty cash box kept in the desk. Until then, her assailant had not "indicated in any way . . . that he was going to take money from the store." Later, the man was apprehended, and Ms. Reamer recognized him as a customer of the store with whom she had talked on several occasions.

Ms. Reamer did not apply for benefits under the Act. Instead, she filed a motion for judgment against her employer, claiming damages for injuries suffered in a sexual assault "proximately caused by the negligence and recklessness of the defendant in failing to provide plaintiff with a safe place to work." In support of that charge, she alleged that the defendant "failed to provide adequate security . . . despite having actual and constructive notice . . . that dangerous, hazardous and unsafe conditions had existed for some time at that location."

In her deposition, the plaintiff testified that her workplace was unsafe because lighting in the parking lot behind the store was inadequate; because the rear door contained no peephole to enable her to identify those seeking entrance; and because she was often left alone to tend the store.

Upon consideration of the deposition, memoranda of law, and argument by counsel, the trial judge entered an order dismissing the motion for judgment on the ground that the court "lacks jurisdiction over the subject matter of this suit pursuant to the provisions of Virginia Code § 65.1-1 *et seq.* [the Act]." We granted the plaintiff an appeal to consider whether the trial court erred in con-

cluding that the Industrial Commission had exclusive jurisdiction over the plaintiff's claim.

In *Plummer* v. *Landmark Communications*, 235 Va. 78, 366 S.E.2d 73 (1988), a newspaper carrier was shot while seated in her car at 2:00 a.m., waiting for her employer to arrive with her supply of newspapers. The Industrial Commission denied her claim for workers' compensation on the ground that the employee had failed to prove that her injury arose out of her employment. The employee filed a common-law action alleging that her employer was guilty of negligence " 'for failing to provide . . . a safe place to work and for sending her to work without taking reasonable measures to protect her.' " *Id.* at 80-81, 366 S.E.2d at 73. In answers to interrogatories, she "stated that defendant 'created a dangerous situation' by leaving her at the site 'for extended periods of time waiting for the papers' . . . and that 'security measures should have been provided' at the scene." *Id.* at 86-87, 366 S.E.2d at 77.

■ The trial court sustained the employer's plea to the jurisdiction. On appeal, although we "assumed" that "the Commission's ruling was one of lack of jurisdiction", *id.* at 84, 366 S.E.2d at 75, we upheld the trial court's ruling that the plaintiff's claim was one within the exclusive jurisdiction of the Industrial Commission. Specifically, we said:

> When the allegations of a plaintiff's motion for judgment against the employer, or the facts offered in support of the allegations, show that the plaintiff's remedy is under the Act, the plaintiff has no right to pursue her action at law . . . . The validity of the jurisdictional plea under these circumstances is not determined by the actual denial of compensation upon facts presented to the Industrial Commission. Rather, the right of the plaintiff to obtain compensation based upon the allegations of the motion for judgment and supporting facts, if any, determines the viability of the plea.

*Id.* at 84, 366 S.E.2d at 75 (citations omitted). Applying the rule and construing the facts stated in the plaintiff's answers to interrogatories, we concluded that such facts, if proven, "demonstrate that this accidental injury arose in the course of her employment and . . . arose out of her employment." *Id.* at 87, 366 S.E.2d at 77.

National insists that *Plummer* is indistinguishable from the case at bar. The parties agree that the two sexual assaults constitute an "injury by accident . . . arising . . . in the course of the employment." Code § 65.1-7. They disagree, however, whether the accident was one "arising out of . . . the employment." *Id.* An injury is compensable under the Act and, consequently, a common-law remedy is foreclosed, only if the accident satisfies both prongs of the statutory test, *County of Chesterfield* v. *Johnson*, 237 Va. 180, 376 S.E.2d 73 (1989), and in Virginia, we apply the "actual risk" test rather than "the positional risk test used in other jurisdictions where simply being injured at work is sufficient to establish compensability." *Id.* at 185, 376 S.E.2d at 76.

A physical assault may constitute an "accident" within the meaning of the Act when it appears that it was the result of an actual risk arising out of the employment. "An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be done." *R & T Investments* v. *Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984) (citation omitted). In *Johns*, the employee of a merchant dealing in precious metals was assaulted by a bank robber. There, we held that the employer's requirement that the employee make daily bank deposits was a condition that "exposed her to a special risk of assault" and, hence, that the assault constituted an accident arising out of the employment.

But the assault in *Johns* and the gunshot attack in *Plummer*, both wholly impersonal, were causally related to conditions of the employment. As we repeatedly have said,

if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the injury is not compensable. In other words, simply because the employee sustains an injury from an assault made upon him by a third party does not entitle him to compensation; he must go further and prove that the assault was directed against him as an employee, or because of his employment; that is, that it arose out of as well as in the course of his employment.

*Continental Life Ins. Co.* v. *Gough,* 161 Va. 755, 759-60, 172 S.E. 264, 266 (1934); *quoted with approval in, A. N. Campbell & Co.* v. *Messenger* 171 Va. 374, 377-78, 199 S.E. 511, 513 (1938); *Hopson* v. *Hungerford Coal Co., Inc.,* 187 Va. 299, 305-06, 46 S.E.2d 392, 395 (1948); *see also Baggett & Meador Cos.* v. *Dillon,* 219 Va. 633, 642, 248 S.E.2d 819, 824 (1978); 1 A. Larson, The Law of Workmen's Compensation § 11.20 (1985).

■ We recently applied this rule in a sexual-assault case. In *City of Richmond* v. *Braxton,* 230 Va. 161, 335 S.E.2d 259 (1985), the Industrial Commission had determined that a sexual attack committed by an employee upon a fellow employee was an accident arising out of the employment. Dissenting from the award of the full Commission, the chairman had found that " 'the assault [was] of a personal nature as it was not directed against the employee as part of the employment relationship and was in no way in furtherance of the employer's business.' " *Id.* at 165, 335 S.E.2d at 262. Endorsing that finding on appeal, we reversed the Commission's award and dismissed the claim.

Considering the allegations in Ms. Reamer's motion for judgment and the facts offered in support of those allegations, and applying the review procedure we employed in *Plummer,* we reach the same conclusion we did in *Braxton.* The assailant, a customer, was personally acquainted with Ms. Reamer. He had talked with her in the store on several occasions. On the day of the assault, his first inquiry was whether he and his intended victim were alone. He did not mention money. His first act was to shove Ms. Reamer at knifepoint into the bathroom. There, behind a closed door, he forced her to submit to sexual relations. After taking money from his victim's purse, he repeated the sexual assault, threatened to kill her and her children if she reported the offenses to the authorities, and required her to remain in the bathroom when he left. Not until then did the rapist take time to steal the employer's money from the petty cash box.

■ We are of opinion that, unlike the assaults in *Johns* and *Plummer,* the multiple sexual assaults Ms. Reamer suffered were purely personal in nature, both in motivation and in consummation. We hold, therefore, that the record fails to show an injury by accident arising out of the employment.

■ Nevertheless, National argues that Code § 65.1-23.1 "provides a presumption that the sexual assault 'arose out of' the em-

ployee's employment." As written at the time Ms. Reamer was attacked, that statute provided:

> Any employee who, in the course of employment, is sexually assaulted, as defined in § 18.2-61 [rape] or § 18.2-67.1 [forcible sodomy], and promptly reports the assault to the appropriate law-enforcement authority, where the nature of such employment substantially increases the risk of such assault, upon a proper showing of damages compensable under this title, shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workmen's compensation benefits.

Acts 1982, c.303*

On brief, National says that the General Assembly enacted this statute "[b]ecause of the difficulties some employees experienced in proving that an assault 'arose out of' their employment." National seems to contend that the legislative purpose was to relieve victims of a sexual attack from the strictures of the rule in the assault cases quoted *supra*, and most recently applied in *Braxton*, that is, that an injury is not compensable under the Act if the assault was purely personal. That may be. Yet, the statutory "presumption" is self-limiting; it applies only when it appears that "the nature of such employment substantially increases the risk of [sexual] assault." We need not suggest examples of such employment. Suffice it to say that nothing in the nature of employment in a furniture-rental store increases the risk of rape and forcible sodomy.

Expressing no opinion on the merits of Ms. Reamer's common-law negligence action, we hold that the trial court erred in sustaining the defendant's plea to the jurisdiction, and we will reverse the judgment and remand the case for further proceedings.

*Reversed and remanded.*

---

* We note that Code § 65.1-23.1 was amended by Acts 1988 c.635 (in a manner irrelevant to this appeal) to include a new paragraph:

B. Notwithstanding the provision of the Act, an employee who is sexually assaulted and can identify the attacker may elect to pursue an action-at-law against the attacker, even if the attacker is the assaulted employee's employer or co-employee, for full damages resulting from such assault in lieu of pursuing benefits under this Act, and upon repayment of any benefits received under the Act.