## CIRCUIT COURT OF THE CITY OF RICHMOND

Karen Purves

v.

Manchester Marketing, Inc.,
t/a Siebert's Hull Street Texaco

Case No. LR 1256-2

By JUDGE ROBERT L. HARRIS, SR.

September 1, 1989

After hearing the arguments of counsel and reviewing the recent Virginia Supreme Court cases, I have decided to sustain the defendant's demurrer with leave to amend. The reasoning behind my decision is set out below.

In the recent Virginia Supreme Court decision, *Reamer v. National Service Industries*, 237 Va. 466, 377 S.E.2d 627 (1989), Justice Poff articulated the considerations that are controlling here. Where the assault on the injured party is personal in nature and not directed at her as an employee, the assault is not considered an "accident arising out of the employment." *Reamer*, 237 Va. at 471. If the assault does not arise out of the employment, the injury is not compensable under the Workers' Compensation Act and the plaintiff may maintain a common law action.

In deciding to allow the plaintiff leave to amend, I have considered Mr. Englisby's assertions made at the July 21 hearing. (See Transcript at pp. 16-19.) If alleged and proved, the facts of Ms. Purves's case are even stronger in showing a personal attack than the facts in *Reamer*.

Here, the attacker had made previous contact with the plaintiff, as in *Reamer*. He stopped by the station in the afternoon and asked her for a date. There is not even an indication here that the perpetrator bought gas

or groceries or otherwise made contact with the plaintiff as a Texaco employee. In *Reamer*, the perpetrator's previous contact had been as a customer. In this case, the attacker waited and watched until the Texaco station closed. He then appeared at the door, asked a question and was let in. There is no evidence as to whether his question was related to the employment of the plaintiff; that is, whether she was "doing her job" when she let him in.

Finally, after getting in, the attacker proceeded to take the plaintiff where no one could see them and sexually assaulted her. Unlike the attacker in *Reamer*, who paused at some point to rob the store, this attacker did not even do that.

All of the evidence suggests that Ms. Purves was attacked because she was Ms. Purves, not because she was a Texaco employee. Ms. Purves should be allowed to allege and offer evidence to prove these facts at trial.

Further, Justice Poff in *Reamer* made the personal/ nonpersonal distinction even though the plaintiff had alleged a dangerous condition of employment. Thus, Ms. Purves's allegations here do not take her case out of the *Reamer* category. Whatever consequences her present allegations may have on her success at trial is not for the court to now decide.

July 27, 1990

At the hearing of this matter on April 25, 1990, the court took under advisement the defendant's special plea of the Workers' Compensation Act. After having reviewed defendant's brief, the transcript of the deposition of Ms. Purves and the transcript of the April 25, 1990, hearing, the court overrules defendant's special plea.

The court had originally sustained defendant's demurrer and allowed the plaintiff leave to amend by order entered September 6, 1989, explaining my reasoning in a letter dated September 1, 1989. In that letter I opined that if the plaintiff amended her motion for judgment to allege certain facts represented by Mr. Englisby, she could maintain a common law action under the ruling in *Reamer v. National Service Industries*, 237 Va. 466, 377 S.E.2d 627 (1989). Having now reviewed the amended motion for

judgment in light of *Reamer*, I find that the present case falls in the *Reamer* category.

The plaintiff has alleged the following facts in her amended motion for judgment. The plaintiff was employed by the defendant and was working the late night hours at a Texaco station/convenience store located in a dangerous part of the city. The defendant was aware that the particular store had been frequently robbed. The plaintiff herself warned the defendant of the poor lighting in the parking lot surrounding the store where she was left alone during the most dangerous hours of its operation.

The plaintiff further alleged that a man came into the store on the afternoon of June 19, 1987, and asked the plaintiff for a date, which invitation she declined. The man came back after closing hours and sexually assaulted the plaintiff. The attacker did not buy anything, nor did he steal anything from the store.[1] Finally, the plaintiff alleged that the proximate cause of her injuries was the defendant's negligence in failing to provide a safe workplace after being warned of the dangerous condition of the premises.

In addition, the plaintiff testified at her deposition that she had been robbed twice before the attack. The plaintiff also testified that she let the attacker into the store while she stocked the cooler because she was scared of being robbed. The attacker spoke to the plaintiff for several minutes while she finished stocking the cooler, after which he made sexual advances towards her. When the plaintiff refused, the man struck her, threatened her, and sexually assaulted her.

The plaintiff's common law action is barred by the exclusive remedy provision of the Workers' Compensation Act only if her claim is for an "injury by accident . . . arising out of and in the course of the employment . . . ." Va. Code Ann. § 65.1-7 (1987). The parties here do not dispute whether the claim is for an "accident . . . in the course of the employment" as the term "accident" is

---

[1] Plaintiff also alleges that the attack was personal, not directed at her as an employee, such that the case falls within the framework of Reamer. This allegation is, in fact, a legal conclusion on the issue that is presented to the court.

defined in the cases. *See Reamer*, 237 Va. at 470, 377 S.E.2d at 629. The issue is whether the injury "arose" out of the employment. The court in *Reamer* stated that "[a]n accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be done." *Id*. (quoting *R & T Investments v. Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984)).

The *Reamer* court, in deciding whether such a causal connection existed, contrasted two types of cases. The first category includes *Plummer v. Landmark Communications*, 235 Va. 78, 366 S.E.2d 73 (1988), and the *Johns* case cited above. In both of these cases, the court opined, the attacks were causally related to the conditions of the employment. *Reamer* at 470, 377 S.E.2d at 629. In *Plummer*, a newspaper carrier was shot at 2:00 a.m. while waiting for her supply of newspapers. *Reamer* at 469, 377 S.E.2d at 628. In *Johns*, the claimant had been assaulted by a bank robber in the course of her employment for a precious metals dealer. *Reamer* at 470, 377 S.E.2d at 629.

The court contrasted these two cases with *City of Richmond v. Braxton*, 230 Va. 161, 335 S.E.2d 259 (1985), which involved a sexual assault. In *Braxton* the Industrial Commission had found that the supervisor, who had attacked the claimant, exhibited a tendency to engage in sexually aberrant behavior because he openly displayed erotic or pornographic magazines and discussed sexual topics with the female employees. *Id*. at 162-63, 335 S.E.2d at 260-61. The court reversed, concluding that: (1) the assault was purely personal in nature and not directed at the employee as part of the employment relationship and (2) the record did not support a conclusion that a causal nexus exists between the display of *Playboy* magazines and a proclivity toward sexual assault. *Id*. at 165, 335 S.E.2d at 262.

The court in *Reamer* reiterated the rule, laid down in several previous cases, that "if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, the injury is not compensable." *Reamer* at 470, 377 S.E.2d at 629. The attacks in *Johns* and *Plummer*, both wholly impersonal, are covered under the Act, but *Braxton*, a case of a personal attack, is not. The court then held, based on the facts pled by Ms. Reamer, that her case fell on the personal

side of the personal/impersonal dichotomy. The court noted the following pertinent facts: the attacker was acquainted with the victim; he did not ask for money but inquired if he and Ms. Reamer were alone; he shoved her into a bathroom where he sexually assaulted her; he then took money from her purse, sexually assaulted her again, and threatened her; and finally, he stole the employer's money from the cash box as he left the store.

The *Reamer* court also addressed the effect of Section 65.1-23.1, which provides that an employee who has been sexually assaulted shall be deemed to have suffered an injury arising out of the employment where the nature of such employment substantially increases the risk of such assault. Va. Code Ann. § 65.1-23.1 (Supp. 1990). The court held that if the section creates a presumption of compensability, that presumption applies only "where the nature of such employment substantially increases the risk of sexual assault." *Reamer* at 472, 377 S.E.2d at 630. Finally, the court opined that "nothing in the nature of employment in a furniture rental store increases the risk of rape and forcible sodomy." *Id.*

The defendant here attempts to distinguish *Reamer* and place this case on the *Plummer* side of the personal/impersonal dichotomy based on the increased dangerousness alleged by Ms. Purves. She worked at night in a gas station/convenience store, and there was a history of robberies. Ms. Reamer worked during the day in a furniture rental store. This court is unable to make the distinction urged by the defendant. Under either the traditional "arising out of" analysis or the language in § 65.1-23.1, this court is of the opinion that *Reamer* controls, both legally and factually. The attacker in this case stopped by the store while it was open and asked for a date. He remained after closing hours and kept the plaintiff company while she stocked the cooler. He made sexual advances towards her, which she refused. He then sexually attacked her, beat her, and threatened her, without any suggestion that he intended to rob the store or in any other way harm her employer. The attack was personal both in motivation and in consummation, as the court held in *Reamer*.

The basis for the personal/impersonal distinction is highlighted by language quoted in the *Braxton* case from earlier cases. In *Braxton* the court noted that "the

causative danger must be peculiar to the work and not common to the neighborhood." *Braxton* at 164, 335 S.E.2d at 261. Working late at night in a convenience store in a "bad part of town" may well increase the risk of robbery because the employee in such a situation is handling money for her employer. However, this court cannot say that Ms. Purves was at substantially increased danger of sexual assault as a result of such employment. The court in *Reamer* stated that it would offer no examples of such employment; this court likewise avoids such conjecture. The Supreme Court's ruling in *Reamer* may severely limit the usefulness of § 65.1-23.1. However, that is a matter for the General Assembly, not a Virginia Circuit Court.

Following the interpretation of the Workers' Compensation Act articulated by the highest court of this state, this court holds that the plaintiff's injury does not arise out of the employment, and she may pursue a common law action against her employer. The defendant's special plea is denied.