## CIRCUIT COURT OF FAIRFAX COUNTY

Somnuck Chanthavongsa

v.

Superior Iron Works, Inc.

March 13, 1991

Case No. (Law) 97875

By JUDGE MICHAEL P. McWEENY

This matter came before the Court upon defendant's Motion for Summary Judgment based upon the exclusive remedies provisions of the Virginia Workers' Compensation Act ("the Act"). Briefs were submitted and, after oral argument, the Court took the motion under advisement.

For the purpose of the motion, the facts of the case are fairly simple. On September 27, 1988, the plaintiff sustained personal injuries at his place of employment when he as assaulted by a fellow employee, Bob White. White threw a plastic stick weld cover at the plaintiff causing the plaintiff to toss some pebbles back at him and complain. The injury is alleged to have occurred when White responded by pulling plaintiff off an H-beam and slamming him into a piece of equipment. The suit is against the employer for negligent failure to maintain a "safe work environment."

Virginia Code § 65.1-40 provides that an employee's rights and remedies against an employer for injuries by accident are exclusively under the Act. That these actions can constitute an "accident" appears undisputable.

> As early as 1934, we stated that "it is now well settled . . . that although the injury is the result of the willful and intentional

assault of either a fellow employee or a third person, this fact does not prevent the injury from being accidental within the meaning of the act.

*Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397 (1990); *Continental Life Insurance Co. v. Gough*, 161 Va. 755 (1934).

Once it has been determined that there is an injury by accident, to be compensable it must be shown that it is an injury "arising out of and in the course of the employment." Virginia Code § 65.1-7. An injury occurs in the course of employment "when it takes place within the place of employment, at a place where the employee may reasonably be expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." *Connor v. Bragg*, 203 Va. 204 (1962). These elements, again, appear to be met. The key question is whether this injury arises "out of" the employment.

An injury arises "out of" the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury.

*Bradshaw v. Aronovitch*, 170 Va. 329 (1938), citing *In re McNicol*, 215 Mass. 497, 102 N.E. 697 (1913).

[It] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. *Id.*

*Metcalf v. A. M. Express Moving*, 230 Va. 464 (1986).

Further, Virginia has expressly rejected the "positional risk test" used in other jurisdictions where , simply being injured at work establishes compensability. The "actual risk test" is applied. *County of Chesterfield v. Johnson*, 237 Va. 180 (1989).

Here, the plaintiff must prove that the assault was directed against him as an employee or because of his employment. *Hobson v. Hungerford Coal Co.*, 187 Va. 299 (1948); *A. N. Campbell & Co. v. Messenger*, 171 Va. 374 (1938); *Hill City Trucking v. Christian*, 238 Va. 735 (1989). "If the assault was personal to the employee and was not directed against him as an employee or because of his employment, then the injury is not compensable." *Continental Life Insurance Co. v. Gough, supra*; *Reamer v. National Service Industries*, 237 Va. 466 (1989).

The two cases which are the closest in legal theory, if not fact pattern, are *Plummer v. Landmark Communications*, 235 Va. 78 (1988), and *Reamer v. National Service Industries, supra*. In both cases, the employees sued the employer on the theory that they had negligently failed to provide a safe work place. Plummer was a newspaper carrier who was told by her employer to wait in a "deserted, dimly-lit lot" at 2:00 a.m. She was shot by someone attempting to rob her. Reamer was a salesperson who was raped when she opened the rear door after hours. *Plummer, supra*, was found to be compensable, while *Reamer, supra*, was not. For the purposes of summary judgment, this case is closer to *Reamer* than *Plummer*. At the current state of the evidence, there is no proof that the motivation of the assault was incidental to the character of the business or directed against the plaintiff *as an employee*. As the evidence does not exclude a personal quarrel or other personal motivation (*Hobson v. Hungerford Coal Co., supra*), there remains a question of fact, and summary judgment must be denied.

It is also suggested that the acceptance of compensation checks, prior to the filing of a claim, or the granting of an award, in some way bars the plaintiff from asserting a common law claim. There is no authority for this proposition, and the Court declines to grant a motion on this ground. In addition, both sides have requested sanctions. Considering the close question presented by *Plummer* and *Reamer, supra*, the cross-motions are denied.