## Norfolk

MARCELLA D. LIGHTHART CARR

v.

CITY OF NORFOLK

No. 1993-91-1

Decided October 20, 1992

COUNSEL

John H. Klein (Rutter & Montagna, on brief), for appellant.

Norman A. Thomas, Deputy City Attorney (Phillip R. Trapani, City Attorney, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—This appeal arises from a decision of the Workers' Compensation Commission denying benefits to Marcella D. Lighthart Carr, appellant, for injuries resulting from a sexual assault by a co-employee of the City of Norfolk Police Department. The sole issue is whether the commission correctly determined that Carr did not suffer an injury "arising out of" her employment pursuant to the provisions of Code § 65.2-301. For the reasons that follow, we affirm the decision of the commission.

The facts are not in dispute and are stipulated here as they were before the commission. On July 26, 1990, Carr, a City of Norfolk police officer, was on duty at the Police Operations Center. She was designated as the Central Desk Officer, a position involving primarily administrative duties. During a shift change, Carr was sexually assaulted by a fellow police officer. Carr promptly reported the assault to her supervisor and a warrant of arrest was executed on her assailant. As a result of the sexual assault, Carr suffered "post traumatic stress reaction" and was unable to return to regular employment until March 22, 1991.

At the time of the commission's decision, Code § 65.2-301, in pertinent part, provided:

A. Any employee who, in the course of employment, is sexually assaulted, . . . and promptly reports the assault to the appropriate law-enforcement authority, *where the nature of such employment substantially increases the risk of such assault,* . . . shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits.

B. Notwithstanding the provisions of this title, an employee who is sexually assaulted and can identify the attacker may elect to pursue an action-at-law against the attacker, even if the attacker is the assaulted employee's employer

or co-employee, for full damages resulting from such assault in lieu of pursuing benefits under this title, and upon repayment of any benefits received under this title.

(emphasis added).[1]

In reaching its decision, the commission focused on the above emphasized language and found "no evidence in this record which demonstrates that employment of [Carr] at the central desk of the Norfolk Police Department is work which by its nature substantially increases the risk of sexual assault, particularly by a fellow police officer." Then, relying primarily upon *City of Richmond v. Braxton*, 230 Va. 161, 335 S.E.2d 259 (1985), and *Reamer v. National Service Industries, Inc.*, 237 Va. 466, 377 S.E.2d 627 (1989), the commission concluded that the assault was not directed against Carr as an employee or because of the employment, but, rather, was of a personal nature and the activities of the assailant were in no way in furtherance of the employer's business. Thus, the commission determined that the assault did not "arise out of" Carr's employment and she has no remedy for her injuries under the Workers' Compensation Act.

On appeal, Carr argues that the commission erred in relying upon *Braxton* for its determination. She asserts that *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), and our Supreme Court's recent published order in *Kelly v. First Virginia Bank-Southwest*, 241 Va. ix, 404 S.E.2d 723 (1991), make it "clear that the exclusive remedy for an intentional tort of sexual assault is under the Workers' Compensation Act." In essence she argues that *Kelly* "by inference overrule[d]" *Braxton*, and under *Haddon*, if she sued her assailant in a common law tort action, that action would be dismissed. Thus, without a workers' compensation claim, she is left "wronged without a remedy."

In *Kelly*, two dissenting Justices discussed in some detail their contrasting views of the applicability of *Braxton* and *Haddon* in the context of an intentional sexual assault by a co-employee. We need not add our view to that discussion in order to resolve the present appeal. We may and must readily reject Carr's assertion that the majority in

---

[1] In 1992, subsection C was added to this Code section and provides: "Nothing in this title shall create a remedy for sexual harassment nor shall this title bar any action at law, that might otherwise exist, by an employee who is sexually harassed."

*Kelly* overruled *Braxton*. Nothing in the majority decision in *Kelly* expressly supports that assertion, and we are not inclined to attribute inferences to our Supreme Court in matters of such significance as sexual assault in the workplace. Rather, we rely upon the pertinent language of Code § 65.2-301 and the well established principles which guide the determination of whether a particular injury "arises out of" the employment. *See, e.g., Hill City Trucking, Inc. v. Christian*, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989) (addressing the "actual risk" test for determining the arising out of employment issue).

The central thread that runs throughout the reported cases is the requirement that there must be a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed to conclude that the injury arises out of the employment. This determination must necessarily be made on a case-by-case basis. In short, the particular facts of a case are critical to the proper determination of the causation issue. In *Braxton*, the Court stated that "[i]n an assault case claimed to arise out of the employment, the necessary causal connection may be established if the evidence shows that the attack was directed against the claimant as an employee or because of the employment." 230 Va. at 165, 335 S.E.2d at 262. In *Reamer*, the Court expressed the same requirement in that " 'if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the injury is not compensable.' " 237 Va. at 470, 377 S.E.2d at 629 (quoting *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 759-60, 172 S.E. 264, 266 (1934)). It is self-evident that it is factually difficult to separate a purely personal sexual assault from one that is only directed against the victim as an employee or because of the employment. It is this difficult distinction which has perhaps caused the debates over *Braxton* and *Haddon*. Nevertheless, the distinction exists in the law. Moreover, as Justice Poff noted in *Reamer*, "the statutory 'presumption' [of Code § 65.2-301] is self-limiting; it applies only when it appears that 'the nature of such employment substantially increases the risk of [sexual] assault.' " *Id.* at 472, 377 S.E.2d at 630.

In the present case, credible evidence supports the commission's determination that the sexual assault on Carr by her co-employee was personal and not directed against her as an employee or because of her employment. In addition, the credible evidence supports the commission's conclusion that Carr's employment at the police department did not substantially increase the risk of sexual assault. Under familiar

principles, we are bound by these determinations. Thus, we hold that the commission properly concluded that Carr failed to establish that her injury arose out of her employment. For these reasons, we affirm the commission's decision.

*Affirmed.*

Benton, J., and Bray, J., concurred.