## CIRCUIT COURT OF THE CITY OF RICHMOND

Karen Wahl Phelps

v.

Southland Corp. et al.

January 27, 1993

Case No. LT-4662

BY JUDGE RANDALL G. JOHNSON

Plaintiff is a former employee at one of defendant Southland Corporation's 7-Eleven stores in Hanover County. On March 1, 1991, while performing her duties as an employee at that store, plaintiff was abducted, beaten, and raped by one Sheldon Brown, who has since been convicted of the offenses. Plaintiff now seeks compensatory and punitive damages from Southland and another Southland employee for injuries she sustained as a result of that incident.

The motion for judgment is in four counts. Count I alleges that Southland negligently failed to provide plaintiff with a safe place to work. Count II alleges that both defendants negligently failed to provide proper instruction to plaintiff in "violence protection." Count III alleges that defendants defrauded plaintiff by representing to her that "7-Eleven had not had any problems at the particular store" where plaintiff worked when they knew such statement was false. As a result, according to plaintiff, she did not refuse to work the "graveyard" shift alone, and her nonrefusal proximately caused her injuries. Count IV alleges that defendants were negligent in not providing an acceptable level of security to plaintiff. The case is presently before the court on defendant's motion for summary judgment.

### 1. Negligence

Because all of plaintiff's claims of negligence are governed by the same legal principles, they will all be considered together. Simply put, plaintiff claims that defendants had a duty to provide her with a safe workplace, instruct her in "violence protection," and provide her with

proper security, and that defendants were guilty of negligence when they breached those duties.

Normally, the liability of an employer and fellow employees to an employee in the course of the employment relationship is governed by the Workers' Compensation Act. In her motion for judgment, however, plaintiff specifically alleges that (1) the nature of her employment as a sales clerk in a convenience store did not increase the risk of sexual assault, abduction, rape, sodomy, or other such personal crimes; (2) plaintiff's assailant, by his conduct, including an attempted attack on another woman in the area earlier, showed no intention to harm plaintiff as an employee of 7-Eleven, or to harm 7-Eleven, but to harm plaintiff personally; (3) the causative danger was not peculiar to plaintiff's work at 7-Eleven but was common to the neighborhood; and (4) the attack was personal toward plaintiff both in motivation and in consummation. In fact, the court relied upon those very allegations to overrule defendants' earlier workers' compensation plea. Specifically, the court held that those allegations brought this case squarely within the holding of *Reamer v. National Service Industries*, 237 Va. 466, 471, 377 S.E.2d 627 (1989) (sexual assaults which were purely personal in nature, both in motivation and in consummation, did not arise out of employment and were not covered by worker's compensation). *See* letter and order dated July 20, 1992. Having alleged that her injuries resulted from a nonemployment-related attack, plaintiff may not now rely on defendants' alleged breaches of employment-related duties to impose upon defendants civil liability for negligence. Instead, plaintiff must rely on the normal rules of negligence liability. Those rules require that defendants' motion for summary judgment, at least as it pertains to this part of plaintiff's case, be granted.

In *Marshall v. Winston*, 239 Va. 315, 389 S.E.2d 902 (1990), it is said:

> Generally, a person owes no duty to control the conduct of third persons in order to prevent harm to another . . . . This is especially the case when the third person commits acts of assaultive criminal behavior because such conduct cannot reasonably be foreseen.
>
> The general rule applies unless "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a

special relation exists between the actor and the other which gives to the other a right to protection."

239 Va. at 318 (citing, as to the exceptions, Restatement (Second) of Torts § 315 (1965); other citations omitted).

Plaintiff does not allege that the first exception cited in *Marshall* applies; that is, that a special relationship existed between defendants and plaintiff's assailant. Thus, only if a special relationship existed between defendants and plaintiff can plaintiff avoid the general rule. I hold that no such special relationship exists.

As has already been discussed, plaintiff, herself, alleges that the crime committed against her did not arise out of her employment with 7-Eleven. Accordingly, plaintiff must look to some other special relationship between defendants and her to impose negligence liability on defendants. Such liability does not exist. In *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 357 S.E.2d 200 (1987), the Supreme Court held that no special relationship existed between a landlord and tenant sufficient to bring that relationship within the Restatement exceptions cited in *Marshall, supra. See* 233 Va. at 447–48. This was also the holding in *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 207 S.E.2d 841 (1974). Moreover, the Court has also refused to recognize the required special relationship where a business owner and business invitee are concerned. In fact, in *Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919 (1987), the Court held that a business invitor owes the same duty of reasonable care to an invitee that a landlord owes to a tenant. Specifically, the Court stated:

[A] business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.

234 Va. at 533.

Thus, only if 7-Eleven's method of business attracted or provided a climate for assaultive crimes, or if defendants knew that criminal assaults against persons were occurring, or were about to occur, on the premises, would defendants be liable to plaintiff under a negligence theory for the injuries she suffered. Neither of those situations exists.

With regard to 7-Eleven's method of business, it must again be remembered that it is *plaintiff* who alleges that the nature of her employment did not increase the risk of sexual assault, abduction, rape, sodomy, or other such personal crimes, and that the causative danger was not peculiar to her work at 7-Eleven. Thus, plaintiff is precluded from arguing that 7-Eleven's method of business attracted or provided a climate for assaultive crimes.

With respect to defendants' knowledge that criminal assaults against persons were occurring, or were about to occur, on the premises, there is no allegation of such knowledge. The only allegations made by plaintiff in this regard are that (1) the Hanover store was in an isolated part of town and that defendants were aware that employees who worked alone during the "graveyard" shift in other stores in the Richmond metropolitan area had been sexually assaulted; (2) this particular store had been robbed, or had been the object of attempted robberies, earlier; and (3) plaintiff's assailant had attempted to attack another woman earlier on the night of her attack in the same area. First, the fact that employees at other locations were sexually assaulted has absolutely no bearing on the issues in this case. To hold otherwise would completely ignore the holdings of *Klingbeil, Gulf Reston,* and *Wright,* all *supra,* and require that all landlords and business invitors everywhere be liable for every sexual assault on their tenants and invitees, since all landlords and business invitors know that sexual assaults have occurred somewhere. Second, the fact that previous robberies of the same store had occurred, or were attempted, is irrelevant since those were crimes against property and not against persons. As such, they do not constitute notice that plaintiff or other persons were in danger. *See Wright v. Webb, supra,* 234 Va. at 531–32.

Third, the fact that plaintiff's assailant attempted an attack on another woman earlier is irrelevant since plaintiff does not allege that defendants had any knowledge of it. In the absence of such an allegation, no exception to the general rule against liability exists. Accordingly, plaintiff's argument fails.

The court also rejects plaintiff's argument that regardless of the duties defendants might otherwise have, they are liable here because they negligently performed duties which they voluntarily assumed. In this regard, plaintiff first argues that by providing *some* security, defendants were required to provide security which would have prevented the subject incident. Second, plaintiff argues that defendants'

"violence protection" instructions were inadequate or wrong and there-fore create a jury question as to negligence. Neither argument has merit.

Plaintiff's first argument would require every landlord and every business owner to be an absolute insurer of every tenant's and invitee's safety. Every landlord and business owner employs *some* se-curity measures, from simple door locks to high-tech surveillance cam-eras and electronic security systems. To hold that employing any security measures at all requires the landlord or business owner to provide enough security to prevent criminal attacks by third persons would impose an impossible burden on such landlords and owners. In any event, the court is not aware of any such requirement ever having been imposed in Virginia. I will not impose it here.

Plaintiff's argument that defendants' "violence protection" instruc-tions were inadequate or improper is also without merit. Specifically, plaintiff argues that she and other employees were instructed by South-land to move away from the cash register when a robbery is about to occur. In reliance upon this instruction, plaintiff moved away from the cash register when her assailant entered the store, plaintiff correctly sensing that danger was imminent. In doing so, however, she also moved away from the telephone, which was next to the cash register. Plaintiff now argues that defendants' instructions deprived her of the opportunity to call for help and possibly prevent her attack. The court cannot imagine, however, that plaintiff's assailant would have stood idly by while plaintiff made a telephone call for help. Nor can the court imagine that a reasonable jury would make such a finding. Thus, I find as a matter of law that Southland's instructions, even if they were as plaintiff alleges, were not a proximate cause of her injuries.

In sum, plaintiff, having successfully argued that the injuries which she sustained on March 1, 1991, did not arise out of her employment with 7-Eleven, has effectively doomed her argument that defendants were negligent in allowing such injuries to occur. Since the injuries did not arise out of the employer-employee relationship, and since there is no other "special" relationship which imposes upon defendants the duties which plaintiff asserts, defendants' motion for summary judg-ment is granted.

Plaintiff argues that summary judgment is inappropriate since in *Reamer, supra,* the Supreme Court overruled the employer's workers' compensation plea but remanded the case instead of dismissing it. In

so doing, however, the Court was careful to "[e]xpress[] no opinion on the merits of Ms. Reamer's common-law negligence action . . . ." 237 Va. at 472. Plaintiff's reliance on the Court's remand, then, is misplaced.

## 2. *Fraud*

Count III of the motion for judgment alleges that defendant Shirley Thorpe, another 7-Eleven employee, told plaintiff that "7-Eleven had not had any problems at the particular store" where plaintiff was attacked. Plaintiff further alleges that such statement was false and that plaintiff relied upon that statement to her detriment; that is, that she would not have accepted the job and/or shift had she known the true facts.

Defendants argue that such allegations are insufficient since plaintiff has failed to establish that Thorpe's statement was false, that the statement was of a material fact, that Thorpe intended to mislead her, or that the sexual assault was caused by plaintiff's reliance on the statement. Summary judgment, however, may not be granted on a plaintiff's failure to *establish* facts. Indeed, facts are not established until trial. So long as there are material facts genuinely in dispute, summary judgment is inappropriate. It is inappropriate with regard to plaintiff's fraud allegation here.

As was true with the Supreme Court in *Reamer*, this court expresses no opinion on the merits of plaintiff's fraud claim. The court notes, however, that plaintiff has failed to allege that similar attacks had occurred in the store in question. Whether there were other incidents which had occurred and which, if plaintiff had known about them, would have caused her not to take the job and shift, is not now known by the court. Obviously, however, they will have to be shown at trial.

## Conclusion

For the reasons stated above, defendant's motion for summary judgment as to plaintiff's allegations of negligence is granted; otherwise, it is denied.