# CIRCUIT COURT OF LOUDOUN COUNTY

Cathy Herrera

  v.

Marcus Lavon Simms,
Luther Lanham,
7-Eleven, Inc.

March 9, 2000

Case No. (Law) 22972

By Judge Jean Harrison Clements

This case came on to be heard on February 4, 2000, on the Motion For Judgment of Plaintiff, by counsel, and the Plea in Bar of the Workers' Compensation Act of Defendants Luther Lanham and 7-Eleven, Inc., by counsel, which Plea was argued by counsel and taken under advisement by the Court.

In her Motion for Judgment, Plaintiff alleges, in pertinent part, that on or about September 13-14, 1999, Defendant Lanham was the manager of Defendant 7-Eleven at its store at 22 Plaza Street in Leesburg, Virginia. Plaintiff was an employee of Defendant 7-Eleven working as a clerk and Defendant Lanham was her direct supervisor. 7-Eleven had a policy that there be at least two employees working in the store during the late evening and early morning hours or to lock the store. This policy was for the safety and protection of the employees and to discourage crimes, which were prone to

happen during the late evening and early morning hours of the store operations.

Plaintiff further alleges that Defendant Lanham knew or should have known that this store was located in an area known as one in which there was a high incidence of crime and criminal activity with the most dangerous period being between 11:00 p.m. and 3:00 a.m.

At 11:00 to 11:30 p.m. on the evening in question, Plaintiff was advised that her co-worker would not be able to work. She advised her supervisor Lanham that she was working alone and asked about locking the door. Contrary to policy, Lanham told Plaintiff that he would come to the store as soon as he could travel from the Winchester area and for her to continue to conduct business until he arrived. Although the store was equipped with personal alarms and other safety devices, they were not made available to her. Lanham arrived approximately three hours later.

During the time between 11:00 o'clock p.m. and Lanham's arrival, Plaintiff was raped, sodomized, and assaulted by Defendant Simms, while armed, on the premises of Defendant 7-Eleven's store.[1]

For consideration of the Plea in Bar, Defendants agree they are bound by these facts as alleged by the Plaintiff in her Motion for Judgment. Both parties agree that the sole issue is whether Plaintiff's injuries arise out of her employment.

In 1982, the General Assembly enacted § 65.1-23.1, now § 65.2-301, to define and include employees who are sexually assaulted in the course of employment and if promptly reported, "where the nature of such employment substantially increases the risk of such assault." The statute then provides that the employee "shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits."

Plaintiff argues that the issue is whether rape is a risk of being a convenience store clerk. She further argues that in every case of sexual assault decided by the Supreme Court, the Court has determined that the sexual assault was of a *personal nature* and that nothing about the nature of the employment of theatre ticket sales, furniture rental store sales, and here, retail store clerk, increases the risk of sexual assault. Plaintiff relies on *City of Richmond v. Braxton*, 230 Va. 161 (1985), and *Reamer v. National Services Industries*, 237 Va. 466 (1989). While asking the Court to focus on the essence of the employment only, Plaintiff has been unable to cite an example which might comport to legislative intent. Perhaps she would argue that such

---

[1] Note *Commonwealth v. Simms* (2000), which is printed above at page 297.

employment would, by its nature, have physical or sexual contact or display as a necessary incident.

Under the general law of workers' compensation, the Supreme Court of Virginia adopted the "actual risk" test, *Immer & Co. v. Brosnahan*, 207 Va. 720 (1967), rather than "the positional risk test used in other jurisdictions where simply being injured at work is sufficient to establish compensability." *Reamer* at 470. The *Reamer* case did involve sexual assault on the employee and therefore the general principles which require injury in the course of and arising out of employment and "actual risk" apply to cases relying upon § 65.2-301. Likewise the general principles state that the employment must expose the employee to the particular danger from which he was injured. The phrases "arising out of" and "in the course of the employment" are to be liberally construed to effectuate the humane and beneficent purposes of the act.

The Supreme Court and the Court of Appeals have each addressed the issue of sexual assault and whether it "arose out of employment." The first case decided by the Supreme Court was *City of Richmond v. Braxton*, 230 Va. 161 (1985). Mrs. Braxton was a ticket seller, employed at a city-owned theatre, who was sexually assaulted by her supervisor who had a long-term practice of keeping sexually explicit materials in his office. The Workers' Compensation Commission found that this practice resulted in an exaggerated risk in the workplace and that the risk was sufficiently connected to the business and the Act applied. The Supreme Court reversed the Commission observing that the issue involved a mixed question of law and fact and in this case was personal in nature.

In 1989, the Supreme Court heard the case of *Reamer v. National Services Industries*, 237 Va. 466 (1989). Ms. Reamer was an employee of a furniture rental business located in a small shopping center. In the early afternoon, she was alone in the store, heard a knock at the locked employees door, opened it, and found a man in a ski mask who raped and sodomized her twice, and took money from her and the store. She later identified her attacker as a customer of the store. Ms. Reamer did not apply for benefits under the Act. Suit was filed in the trial court and dismissed for lack of jurisdiction. Finding that the injury was personal, the trial court was reversed.

Two cases have been decided by the Court of Appeals. The first was *Carr v. City of Norfolk*, 15 Va. App. 266 (1992). In this case, Ms. Carr was sexually assaulted by a co-worker and fellow police officer during a shift change, she having been on duty at the Police Operations Center as a Central Desk Officer in a position whose duties were primarily administrative. Ms. Carr sought benefits from the Workers' Compensation Commission. The Commission

ruled that this was not an injury "arising out of" her employment, and its decision was affirmed.

The *Carr* case was followed by the unpublished opinion of *Williams v. City of Norfolk, Dept. of Social Services*, Record No. 1248-94-1, January 31, 1995. Williams, an employee of the City Department, returned to her building and office prior to 5:00 p.m. and was assaulted by a young man waiting in the stairwell. A claim was made to the Workers' Compensation Commission and denied; the decision was affirmed on appeal.

Although not a sexual assault case, *Southland Corp. v. Gray*, 18 Va. App. 366 (1994), decided by the Court of Appeals is factually very similar to the case at bar. The Southland Corporation was the owner and operator of a 7-Eleven convenience store. Employer had a written policy that all store receipts must be taken to the bank and deposited before 3:00 p.m. and never taken later than 5:00 p.m. unless approved by the supervisor. One reason for the policy was the security of the employees. At approximately 5:45 p.m., Ms. Gray was robbed in the 7-Eleven parking lot while on her way to the bank. Her claim, filed with the Commission, was determined to be one which arose from her employment. The decision was affirmed on appeal.

In *Braxton*, the Supreme Court, in defining whether the claimant's injury arose out of her employment, quoted from *R & T Investments, Ltd. v. Johns*, 228 Va. 249 (1984), as follows:

> An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed. *In re McNicol*, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913). Quoting *In re McNicol*, we have said: " 'Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. *But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [worker] would have been equally exposed apart from the employment.* The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational

consequence'." *Bradshaw v. Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).

*Braxton*, 230 Va. at 164. The Court went on to say at page 165, "In an assault case claimed to arise out of the employment, the necessary causal connection may be established if the evidence shows that the attack was directed against the claimant as an employee [or] because of the employment, *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 760, 172 S.E. 264, 266 (1934), for example, where an employee as part of his or her duties is required " 'regularly to handle and carry large sums of money in cash to a bank.' "

The most succinct expression of the law is stated by the Court in *Carr, supra*, at 269:

> The central thread that runs throughout the reported cases is the requirement that there must be a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed to conclude that the injury arises out of the employment. This determination must necessarily be made on a case-by-case basis. In short, the particular facts of a case are critical to the proper determination of the causation issue. In *Braxton*, the Court stated that "[i]n an assault case claimed to arise out of employment, the necessary causal connection may be established if the evidence shows that the attack was directed against the claimant as an employee or because of the employment." 230 Va. at 165, 335 S.E.2d at 262. In *Reamer*, the Court expressed the same requirement in that " 'if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the injury is not compensable'." 237 Va. at 470, 377 S.E.2d at 629 (quoting *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 759-60, 172 S.E. 264, 266 (1934)). It is self-evident that it is factually difficult to separate a purely personal sexual assault from one that is only directed against the victim as an employee or because of the employment. It is this difficult distinction which has perhaps caused the debates over *Braxton* and *Haddon*. Nevertheless, the distinction exists in the law.

Turning to the allegations in the case at bar, Plaintiff alleges the store's policy of having two employees working during the late evening and early morning hours or to lock the door was for the safety and protection of the employees in the late evening and early morning hours. She further alleges

that the Defendant knew or should have known the 7-Eleven store on Plaza Street was located in an area in which there was a high incidence of crime and criminal activity during late evening and early morning hours. While working as an employee in this store in the time period in question, and being alone, Plaintiff was raped, sodomized, and assaulted by the armed Simms on the premises.

The Court concludes that Plaintiff's allegations establish a causal connection between her injury and the conditions under which Defendants Lanham and 7-Eleven required her work to be performed. Under these facts alleged, the nature of her employment substantially increased the risk of such assault. Her injury was an "actual risk" which arose "out of employment." The Plaintiff's sole remedy is under the Workers' Compensation Act. The Court therefore being without jurisdiction as to Defendants Lanham and 7-Eleven, Inc., their Plea in Bar is sustained.