## CIRCUIT COURT OF THE CITY OF RICHMOND

Lynn Hafer

v.

Diane Johnson
and Veterinary
Emergency Center, Inc.

January 11, 2002

Case No. LL-2017-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, one of the defendants has filed a plea of workers' compensation asserting that, under the exclusivity provisions of Va. Code § 65.1-40, plaintiff's case is barred.

For purposes of a ruling, the facts taken from the pleadings and depositions can be summarized as follows. Plaintiff, Hafer, sues defendant, Johnson, for assault and battery arising from an incident which occurred in the workplace. Both are employed with defendant Veterinary Emergency Center. Hafer alleges that on or about November 1, 1998, Johnson, while acting within the scope of her employment, grabbed her arm, inflicting injury. Hafer was responsible for placing animals in examining rooms and had placed a dog in the wrong room. After becoming aware of the improper assignment, Johnson admits to grabbing Hafer's arm and holding it in a cradling position, "tapp[ing]" her in an attempt to "get my point across to her."

Exclusivity of remedy for workers' compensation is determined under a three-part test. First, the injury must arise out of the employment. Second, the injury must have occurred during the course of employment. Third, the injury must be the result of an accident. *Combs v. Virginia Power*, 259 Va. 503

(2000). Arguably, the circumstances fit the second test. The issue is whether the incident is due to accident and arose out of the employment.

The Virginia Supreme Court has held that an assault can be accidental if it arose out of a risk of carrying out the employment. *Richmond Newspapers, Inc. v. Hazlewood*, 249 Va. 369 (1995). Defendants contend that since an employee could make the same mistake Hafer made and thereby be subject to reprimand, this supports Johnson's action as a risk inherent in the employment. Defendants also contend that there is a distinction between an intent to touch and an intent to injure. If a defendant has the intent to injure, the bar of workers' compensation would not apply. However, if there is no intent to injure, the claim could be classed as accidental and thereby be subject to the workers' compensation bar. *See McGreevy v. Racal-Dana Instrument, Inc.*, 690 F. Supp. 468 (E.D. Va. 1988).

As noted, in determining whether or not a plaintiff will be barred by the Virginia Workers' Compensation Act from common law remedies for an intentional tort that occurred at the workplace, the Virginia Supreme Court has drawn a distinction between torts that have a personal origin and those that arise out of employment. Those arising out of employment will fall under the exclusivity provisions, personal claims will not.

To decide if the tort is personal or employment related, the court looks at several factors, which help to determine if there is the required causal connection between the injury and the employment. *Carr v. City of Norfolk*, 15 Va. App. 266, 422 S.E.2d 417 (1992). The court will look to see if the nature of the job increases the risk of injury. *Richmond Newspapers v. Hazlewood*, 249 Va. 369, 457 S.E.2d 56 (1995). In other words, the injury must be linked to the employment as a contributing cause, or workers' compensation will not apply. *Id.* at 372. Here, it is not reasonable to be injured in the way alleged here in the course of employment. Accordingly defendant Veterinary Emergency Center's plea of the statute of workers' compensation is overruled.