**Lawrence GREEN, Plaintiff–Appellant,**

v.

**Anthony HILL; R.A. Sanders; Robert E. Long; Glenn Alred, Jr., and United States of America, Defendants–Appellees.**

No. 90–9114.

United States Court of Appeals, Eleventh Circuit.

Feb. 28, 1992.

---

Arthur Frank Millard, Atlanta, Ga., for plaintiff-appellant.

Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., and Lisa S. Farringer, Civil Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before KRAVITCH, Circuit Judge, and HENDERSON and CLARK *, Senior Circuit Judges.

PER CURIAM:

Lawrence Green, a custodial technician at the Department of Veterans Affairs' Decatur Medical Center (VAMC), alleges assault and battery by his supervisor Anthony Hill. He also protests the VAMC suspending him without pay for 12 days and citations for insubordination, failing to carry out his supervisor's orders, and for being absent without leave.

Green first filed a grievance with Hill's supervisors R.A. Sanders and Robert E. Long, claiming that when he sought union assistance for his complaint, Hill threatened him with physical violence. When Green hired an attorney, Long and Sanders informed him that pursuant to the American Federation of Government Employee's bargaining agreement, his representative in the grievance process must be approved by the union. Green, however, never obtained union approval for his attorney.

Green next filed a complaint with the Office of the Special Counsel at the Merit

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

Systems Protection Board (MSPB). The Office of Special Counsel denied his claim as the intimidation and harassment he alleged did not constitute prohibited personnel practices. The MSPB dismissed an appeal as it lacks jurisdiction to hear appeals of suspension for less than 14 days.

Green then filed an unfair labor practices complaint with the Federal Labor Relation Authority's (FLRA) regional office. The FLRA dismissed his complaint as untimely, also noting that the complaint did not allege any facts in violation of the Federal Service Labor–Management Statute. The Office of the General Counsel denied an appeal from this dismissal.

On June 27, 1990, Green filed this suit in the Superior Court of DeKalb County. The first four counts of his ten count complaint alleged assault and battery causing emotional distress by Hill. Counts five to ten alleged that Long, Sanders and Alred failed to provide reasonably safe working conditions and suspended him without pay in violation of the due process clause. Green asked for general and punitive damages, and that his records be expunged of reference to his suspension and absence without leave. He requested an injunction against Hill supervising or contacting him, and that he be allowed counsel of his choice in grievance procedures. He also claimed general relief under the Federal Torts Claims Act (FTCA).

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Westfall Act), the Attorney General certified that the defendants were acting within the scope of their employment and removed the suit to federal court.[1] The United States was substituted for the individual defendants, who were dismissed.[2]

The district court dismissed the suit for lack of subject matter jurisdiction as Green's remedies lay exclusively elsewhere. It held that the Civil Service Reform Act (CSRA) provided the exclusive remedy for Green's complaints regarding his suspension without pay and his appeal regarding his absence without leave. The Federal Employees' Compensation Act (FECA) provided the exclusive remedy for Green's claims of physical and emotional injury. As Green had not exhausted his administrative remedies, he could not recover under the FTCA.

## DISCUSSION

■ We affirm the district court's dismissal of counts five to ten of the complaint.[3] These counts are clearly work related and thus preempted by the exclusive remedies available to federal employees under CSRA and FECA. With respect to counts one to four, the assault and battery claims, we remand.

■ Access to grievance procedures available under the CSRA [4] preempts judicial review of agency personnel action.[5]

---

**1.** 28 U.S.C. § 2679(d)(1) and (2) (West Supp. 1991).

**2.** Suit could then only proceed against the United States to the extent it has waived sovereign immunity.

**3.** We also note that Green's contention that the removal was improper because it was technically untimely under 28 U.S.C. § 1446(b) is meritless. The Westfall Act provides that upon certification that an employee was acting in the scope of employment, the action shall be removed "at any time before trial." 28 U.S.C. § 2679(d)(2). Also, because the time limitation for removal is not jurisdictional, this court has the power to review untimely petitions. *Loftin v. Rush,* 767 F.2d 800, 805 (11th Cir.1985).

**4.** An employee may challenge the actions of his supervisors internally, seek review of a determination through the Merit Systems Protection Board and, after that, in a Circuit Court of Appeals. *See* 5 U.S.C. §§ 7513(b) and (d), 7703 (1980).

**5.** *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988) (suit in Claims Court by nonpreference civil employee under the Back Pay Act precluded because he had CRSA remedies); *Stephens v. HHS,* 901 F.2d 1571 (11th Cir.), *cert. denied* — U.S. ——, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990) (CSRA is exclusive remedy for preference employees); *Broughton v. Courtney,* 861 F.2d 639 (11th Cir. 1988) (CSRA preempts state common law tort actions for its prohibited personnel practices).

A *Bivens* claim is also not available to federal employees. In *Bush v. Lucas,* 462 U.S. 367, 388–90, 103 S.Ct. 2404, 2316–17, 76 L.Ed.2d 648 (1983), the Supreme Court declined to recognize a *Bivens* claim for federal employees for First Amendment violations, stating that it was inap-

This preempts a cause of action for all Green's work related claims, for example, those regarding the suspension of his pay, the record of his absence without leave, and his claims for injunctive relief against Hill. As Green had access to the CSRA procedures, and in fact availed himself of them, he has no further right to judicial proceedings.

■ The Federal Employees' Compensation Act (FECA) provides "compensation ... for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."[6] Recovery under FECA for a covered injury is exclusive, and an employee cannot further recover against the United States for the same injury under the FTCA or otherwise.[7] The FECA covers liability created both by negligent and intentional acts on the part of the Government.[8] If Hill allegedly assaulted Green while performing his duties as Green's supervisor, the FECA would provide Green recovery for his damages.[9]

The FECA provides recovery, however, only if the injuries Green suffered were work related. Although most of Green's complaints are clearly and inherently work related, for example, his suspension without pay, the record is bare of information regarding the nature of the claims of assault and battery.[10]

■ The district court appeared to assume from the Attorney General's certification that the assault and battery were work related. The Attorney General's certification that the employees were acting within their scope of employment is conclusive only for purposes of removal, however, and not for the underlying substantive claim. To accept the Attorney General's certification as conclusive regarding the merits of the case would be to allow it to determine the subject matter jurisdiction of Article III courts.[11]

■ When the jurisdictional basis of a claim is intertwined with an element of the cause of action, an attack on jurisdiction is indirectly an attack on the merits. Jurisdiction and the merits are intertwined if a decision on one would effectively decide the other. A district judge should thus apply the Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction. Unless claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous," "federal claims should not be dismissed on motion for lack

---

propriate to supplement the employees' comprehensive procedural and substantial remedies with new judicial remedies. *Also McCollum v. Bolger*, 794 F.2d 602, 607 (11th Cir.1986), *cert. denied* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987) (job-related *Bivens* claim not available if an employee had CSRA remedies available); *Stephens*, 901 F.2d at 1576–77 (individual *Bivens* actions cannot be asserted by employee with CSRA remedies).

**6.** 5 U.S.C. § 8102 (1980).

**7.** 5 U.S.C. § 8116(c) (1980).

**8.** *See Heilman v. United States*, 731 F.2d 1104, 111 n. 6 (3d Cir.1984); *Metz v. United States*, 723 F.Supp. 1133, 1137 (D.Md.1989); *Burke v. United States*, 644 F.Supp. 566, 569 (E.D.La.1986).

**9.** Courts are split on the issue of whether the FECA provides recovery for emotional damages. *Compare Burke v. United States*, 644 F.Supp. 566 (E.D.La.1986) (FECA provides recovery); *In the Matter of Lillian Cutler*, 28 E.C.A.B. 125, 129–30 (1976) (Dept. of Labor's Employees' Compensation Appeals Board states that personal injury includes emotional stress) *with Newman v. Legal Services Corp.*, 628 F.Supp. 535, 543 (D.D.C. 1986) (FECA does not cover claims for emotional injury). We do not need to decide this issue as Green's claims for emotional injury are nevertheless precluded because they arise from the claims of physical assault and battery, and the FECA provides exclusive recovery for the same incident. 5 U.S.C. § 8116(c) (1980).

**10.** The only information before the court regarding the assault and battery is in the complaint, which states:

> On July 1, 1988 at about 8:10 p.m. at said Medical Center, Defendant Hill, using his hand, assaulted and battered Plaintiff by pushing Plaintiff into a fixed object.
> ....
> On August 9th at about 7:10 P.M. at said Medical Center, Defendant Hill assaulted Plaintiff by drawing back his fist as if to hit Plaintiff.

**11.** *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1541–42 (11th Cir.1990), *cert. denied* — U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991).

of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." [12]

This case involves such a factual attack on the subject matter jurisdiction of the district court. Determination of the jurisdiction might effectively determine the merits as it would bar a possibly legitimate state claim for assault and battery against Hill, while precluding all other recovery.[13]

There is a dispute as to a material fact, namely, whether Hill's alleged assault and battery occurred in the scope of his employment or as the result of only a personal quarrel. The issue of whether an employee acted within the scope of his employment is determined by the law of the state where the alleged tort occurred.[14] Under Georgia law, a tort of an employee is within the scope of his employment if it was done in furtherance of his employer's business.[15] If the tort of the employee was wholly personal, however, it is not within the scope of his employment even if it occurred during work time.[16]

We therefore remand the case for a factual finding whether the alleged assault and battery was work related. While not mandated, an evidentiary hearing appears to be the usual practice if the scope of employment is contested.[17] If the district court finds that the assault and battery occurred within the scope of Hill's employ-

ment, it must dismiss this case. If it finds that the acts occurred outside the scope of employment, it must remand the case to state court for the claim of assault and battery against Hill to proceed.[18]

AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with this opinion.

---

**12.** *Lawrence v. Dunbar,* 919 F.2d 1525, 1530, n. 7 (11th Cir.1990) (citations omitted) (district court dismissed claim under FTCA for lack of subject matter jurisdiction because it determined that an employee was not acting within his scope of employment. This court held that since conflicting factual inferences could be made to support the plaintiff's claims, dismissal for lack of subject matter jurisdiction was inappropriate).

**13.** The FTCA does not waive sovereign immunity for assault and battery. 28 U.S.C. § 2680(h) (West Supp.1991). Green's claims under the FTCA are also precluded as he did not exhaust his administrative remedies. 28 U.S.C. § 2675 (West Supp.1991).

**14.** *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955).

**15.** *See Atlantic C.L.R. Co. v. Heyward,* 82 Ga. App. 337, 60 S.E.2d 641 (1950).

**16.** *See Southern Bell Tel. & Tel. Co. v. Sharara,* 167 Ga.App. 665, 307 S.E.2d 129 (1983).

**17.** *See, e.g. S.J. & W. Ranch,* 913 F.2d at 1544 (case remanded for evidentiary hearing because district court thought it had no authority to countermand the Attorney General's certification); *Martin v. Merriday,* 706 F.Supp. 42 (N.D.Ga.1989); *Baggio v. Lombardi,* 726 F.Supp. 922, 925 (E.D.N.Y.1989) ("The Court's ruling is not intended to imply that an evidentiary hearing is necessary in every case of this kind. Inasmuch as plaintiffs will lose their cause of action completely should the complaint be dismissed at this state, it would be unwise for the Court to bar any recovery by a ruling based only on the papers before it").

**18.** *S.J. & W. Ranch,* 913 F.2d at 1544.