**Shirley A. SALAZAR, Plaintiff,**

v.

**Domingo BALLESTEROS, Defendant.**

No. CIV.A. 97–273–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 6, 1997.

---

Alan Jay Cilman, Fairfax, VA, for Plaintiff.

Dale Race, Kinosky & Associates, Fairfax, VA, for Defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This case involves a workplace dispute and applicable workers' compensation law. This matter came before the Court on Defendant, Domingo Ballesteros,' motion to dismiss, or in the alternative, for summary judgment. This matter originally was filed in Fairfax County Circuit Court against Defendant Ballesteros, the United States Postal Service, and others. It was removed to this court. This court dismissed the complaint with prejudice with regard to all of the defendants, except Ballesteros. The matter was refiled in State Court and again removed to this court.

On or about January 26, 1995, Plaintiff, Shirley A. Salazar, and Defendant, Domingo Ballesteros, were working at the Post Office Annex facility in Merrifield, Fairfax County, Virginia. At that time and place, Defendant

summoned Plaintiff and allegedly began yelling at her. Plaintiff alleges that Defendant then struck her in the back of her left ear. Defendant contends that the altercation arose from a disagreement regarding the method of performing their assigned jobs and that *both* Plaintiff and Defendant were slightly injured. As a result, Plaintiff required medical treatment from the Postal nurse-on-duty and then was referred to Emergency Access of Fairfax, where she was diagnosed as having a closed-head injury. She was instructed to apply ice to her head and was prescribed Codeine.

Plaintiff returned to work later that day and attempted to file an accident report, but allegedly was not permitted to file the report due to false statements by the Defendant. Plaintiff was instructed to leave the premises and was placed on "leave without pay."

Following the incident, Plaintiff charged Defendant with assault and battery in Fairfax County, Virginia. After investigation by the United States Postal Investigative Service, Plaintiff was discharged from her employment and Defendant was placed on administrative leave pending the outcome of the State Court assault and battery trial. Defendant was convicted in Fairfax County General District Court but subsequently acquitted on appeal to the Fairfax County Circuit Court.

After his acquittal Defendant returned to work. Plaintiff filed both grievance proceedings and EEO proceedings with the Postal Service, and eventually was returned to her employment after an arbitrator found the penalty of discharge too severe.

Plaintiff seeks compensatory damages of one million dollars and punitive damages of one million dollars against the defendant on each of three counts: assault and battery, defamation of character, and intentional infliction of emotional distress. Additionally, Plaintiff is requesting post and pre-judgment interests, the cost of the suit, and any other relief this Court may deem just and proper.

■ Defendant moves for dismissal, or in the alternative for summary judgment, on the grounds that Plaintiff's status as a federal employee who is covered by the Federal Employees' Compensation Act ("FECA" or "the Act")[1] bars this action against Defendant for injuries allegedly resulting from work-related assault and battery.

Because Plaintiff was a United States Postal Service employee, this court, sitting in diversity, must address the issue of whether a federal employee, who receives the benefit of the federal workers' compensation laws, may bring an action based upon state law against a co-employee.

■ Generally, when a federal employee is injured on the job, she cannot recover in an individual action in tort against her employer for her injuries. The Federal Employees' Compensation Act is the exclusive remedy for a federal employee who is injured in the course of her employment. *See Pittman v. United States,* 312 F.Supp. 818 (E.D.Va. 1970). The underlying rationale behind the enactment of FECA was to provide injured workers a quick, uniform, and more certain recovery than would be available to them under a civil action by providing certain recoverable amounts for employment-related injuries without proof of fault and regardless of an employee's contributory negligence. *See Wallace v. United States,* 669 F.2d 947 (4th Cir.1982); *Woodruff v. United States Dept. of Labor,* 954 F.2d 634 (11th Cir.1992). The policy behind the Act is similar to that of state workers' compensation laws, which is to provide injured employees with more immediate and less expensive relief than a common law tort action. *See Avasthi v. United States,* 608 F.2d 1059 (5th Cir.1979). FECA was designed to be the sole recovery available to workers who have suffered from a work-related injury. In this case, Plaintiff's injury occurred during her employment at the Post Office but as a result of an alleged intentional attack.

The Eleventh Circuit addressed a similar issue in *Green v. Hill,* 954 F.2d 694 (11th Cir.1992), a case in which a Department of Veterans' Affairs employee brought an action against his supervisors, alleging, *inter alia,* assault and battery. The Eleventh Circuit held that the plaintiff's claims were preempted by FECA. The court stated that, while the Act provides compensation for the disability

---

**1.** 5 U.S.C. §§ 8101–73 (1996).

or death of a federal employee sustained while in the performance of duty,[2] recovery under FECA is exclusive so that an employee cannot have further recovery for the same injury under the Federal Tort Claims Act ("FTCA")[3] or otherwise. *See Green,* 954 F.2d at 697.

The Eleventh Circuit also found that FECA covers liability created by intentional and negligent acts on the part of the government so that if the employee's supervisor assaulted him while he was performing his duty as a supervisor, FECA, and FECA alone, would provide the employee with recovery of his damages. *See id.; see also Heilman v. United States,* 731 F.2d 1104, 1111 n. 6 (3d Cir.1984); *Metz v. United States,* 723 F.Supp. 1133, 1137 (D.Md.1989).

■■■■ In order for FECA to be invoked, the injuries suffered by the claimant must be work-related. *See Green,* 954 F.2d at 697.[4] The issue of whether an employee acted within the scope of his employment is determined by the law of the state where the alleged tort occurred. *See Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). The Eleventh Circuit in *Green* explained that, under the law of Georgia—the state in which the alleged tort took place—a tort of an employee is within the scope of his employment if it was done in furtherance of his employer's business. If the tort of the employee was of a personal nature, however, it is not within the scope of the employee's employment, even if it occurred during work time. *See Green,* 954 F.2d at 698. The Eleventh Circuit remanded the case for a factual finding of whether the assault and battery was work-related. The court concluded that it would be required to dismiss the case if the assault and battery proved to have been work-related, while it would have to remand the case to state court if the assault and battery was found not to have been work-related under Georgia law. *See id.*

The plaintiff in this case is a United States Postal Service employee, and therefore, if the tort is deemed to be work-related, FECA will be invoked. Whether the injury is "work-related" is determined by the law of the state where the tort occurred. Therefore, because Plaintiff's alleged injuries occurred in Virginia, Virginia's laws of agency and workers' compensation control.

■■■■ Generally, under Virginia's law of agency, a principal (or employer) is responsible for the wilful or malicious acts of his agent (or employee) committed within the scope and course of his employment. The test of the liability of the principal for the tortious acts of his agent is not whether the tortious act itself is a transaction within the ordinary course of the business of the principal or within the scope of the agent's authority, but whether the service itself in which the tortious act was done was within the ordinary course of such business or within the scope of such authority. *See Broaddus v. Standard Drug Co.,* 211 Va. 645, 179 S.E.2d 497 (1971); *United Bhd. of Carpenters & Joiners of Am., AFL–CIO v. Humphreys,* 203 Va. 781, 127 S.E.2d 98 (1962), *cert.denied,* 371 U.S. 954, 83 S.Ct. 509, 9 L.Ed.2d 501 (1963).

The facts indicate that the altercation between the parties took place at their site of employment. Defendant's alleged attack may not have occurred within his ordinary course of business, and such action clearly was outside his authority. However, Defendant's actions took place while he was conducting his daily work-related duties. There is no evidence to suggest that either party was acting outside their ordinary course of business. In fact, the altercation between the parties arose as a result of a disagreement over methods of performing their assigned tasks. Thus, under Virginia's law of agency, the state in which the alleged tort occurred, Defendant is deemed to have acted within the scope of his employment.

■■■■ Although a different analysis would apply, the result would be the same under Virginia's workers' compensation law. The purpose of the Virginia Workers' Compensation Act ("VWCA")[5] is identical to that of

---

**2.** 5 U.S.C. § 8102 (1996).

**3.** *See* 5 U.S.C. § 8116 (1996). An employee cannot have further recovery under the Federal Tort Claims Act when FECA is invoked. *See id.;* 28 U.S.C. § 2671–80 (1996).

**4.** *See* 5 U.S.C. § 8116 (1996).

**5.** Va.Code Ann. § 65.2–101 (Michie Supp.1997).

FECA. The Virginia law was enacted as a compromise between employer and employee to settle their differences arising out of personal injuries, but it is a compromise greatly to the advantage of the employee. Under the VWCA, the employee surrenders his right to bring an action in tort against his employer and agrees to accept a statutorily fixed sum of money. In turn, the employee need not prove fault or employer negligence and is guaranteed a more inclusive recovery. The employer surrenders his common law defenses of contributory negligence, assumption of risk, and the fellow servant rule, and in turn is relieved from liability for damages to the employee for which he might otherwise be found liable to a greater extent. *See Fauver v. Bell*, 192 Va. 518, 65 S.E.2d 575 (1951). The VWCA serves as the sole remedy for workers injured on the job, for it excludes all other rights and remedies of the employee regarding his injuries.[6] *See Humphrees v. Boxley Bros. Co.*, 146 Va. 91, 135 S.E. 890 (1926).

■ Under the Virginia Workers' Compensation Act, the immunity from actions at law for personal injuries given an employer with workers' compensation insurance has been extended to protect the employer's employees from action in tort by co-employees.[7] In Virginia, in order for an employer or employee to obtain protection under VWCA for injuries sustained by another employee, the alleged injury must be "by accident" and must "arise out of and in the course of employment." [8]

■ In *Big Jack Overall Co. v. Bray*, 161 Va. 446, 171 S.E. 686 (1933), the Virginia Supreme Court adopted a broad definition of "accident" for purposes of workers' compensation coverage: "an event happening without any human agency, or, if happening through human agency, an event which under the circumstances, is unusual and not expected by the person to whom it happens." *Id.* 171 S.E. at 687. The "accident" requirement allows coverage for wilful and inten-

tional assaults by third parties as well as by co-employees of the injured. *See Tinsley v. Hercules, Inc.*, No. 90–00606–R, 1991 WL 313898 (E.D.Va. Feb. 27, 1991); *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 172 S.E. 264 (1934).

Only sometimes is coverage allowed for employees responsible for causing emotional injury. *See Williams v. Garraghty*, 249 Va. 224, 455 S.E.2d 209 (1995), *cert. denied* —— U.S. ——, 116 S.Ct. 66, 133 L.Ed.2d 28 (1995) (stating that, generally, damages that flow from action for intentional infliction of emotional distress are not the result of an injury "by accident" within meaning of Virginia's statute). *But see Haigh v. Matsushita Elec. Corp. of Am.*, 676 F.Supp. 1332 (E.D.Va.1987) (barring employee's tort claim against former employer for intentional infliction of emotional distress because Virginia's workers' compensation act deemed to be exclusive remedy); *Haddon v. Metropolitan Life Ins.*, 239 Va. 397, 389 S.E.2d 712 (1990) (barring harassment and sexual discrimination claims by employee because injuries deemed to be "accidental" under the Virginia law).

■ Virginia law has a more conservative interpretation of the "arising out of and in the course of employment" requirement of its workers' compensation statute. An injury is deemed to "arise out of" the employment if a causal connection can be found between the condition under which the work is required to be performed and the resulting injury. In other words, if the injury can be construed to have arisen as a natural incident of, or received as a consequence of, the injured's employment, then protection will be available to the alleged tortfeasor. The incident must not have been of a personal nature. *See Falls Church Constr. Corp. v. Valle*, 21 Va.App. 351, 464 S.E.2d 517 (1995) (requiring injured employee to establish by a preponderance of the evidence that conditions of workplace caused

---

6. *See* Va.Code Ann. § 65.2–307 (Michie 1995). "The rights and remedies herein granted ... shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury, loss of service or death."

7. *See* Va.Code Ann. § 65.2–800 (Michie 1995) (stating that employer "or those conducting his business" shall be liable to employee for personal injury or death to the extent provided by the Act).

8. *See* Va.Code Ann. § 65.2–101 (Michie Supp. 1997).

injury and that injury arose out of and in the course of his employment); *Hopson v. Hungerford Coal Co.*, 187 Va. 299, 46 S.E.2d 392 (1948) (injury failed "arising out of" requirement because employee, while on work-related trip, was shot by third party).

Therefore, because Defendant's alleged attack was a wilful and intentional tortious act against a co-employee, it is deemed to have occurred "by accident" for purposes of Virginia's workers' compensation law. Also, because Defendant allegedly assaulted Plaintiff while performing his work-related duties, and because the altercation arose as a result of a work-related argument, the resulting injury to Plaintiff is deemed to have "arisen out of and in the course of her employment."

Thus, under Virginia's law of agency and under the Virginia Workers' Compensation Act, the injuries suffered by the plaintiff are deemed to have been work-related. FECA, therefore, is invoked and the plaintiff's claim is barred as a matter of law. This court holds, as the Eleventh Circuit did in *Green v. Hill, supra,* that recovery under FECA is exclusive, and an employee cannot further recover for the same injury under the FTCA or otherwise. Plaintiff's sole vehicle for recovery for her injuries is through the Federal Employees' Compensation Act, and not this individual action in tort against Defendant.

For the foregoing reasons, Plaintiff's tort claims are dismissed. An appropriate order shall issue.

### ORDER

This matter came before the Court on Defendant's motion to dismiss, or in the alternative for summary judgment. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Defendant's motion to dismiss is GRANTED.