# CIRCUIT COURT OF ALLEGHANY COUNTY

Sybil Reed Downey

v.

Christopher J. Malik
and Alleghany Anesthesia
Association, Inc.

December 13, 2000

BY JUDGE DUNCAN M. BYRD, JR.

This Motion for Summary Judgment was argued before the Court on August 25, 2000. Subsequent to the hearing, the parties filed Memoranda in support of their respective positions. The issue presented is whether the plaintiff, Sybil Reed Downey, is barred from pursuing a common law action because her injury is exclusively covered by the Virginia Workers' Compensation Act. Virginia case law clearly states that for a claim to come within the exclusivity of Workers' Compensation, the injury involved must arise out of and in the course of the employment. *Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 508, 525 S.E.2d 278 (2000); *Richmond Newspapers, Inc. v. Hazelwood*, 249 Va. 369, 372, 457 S.E.2d 56 (1995). For reasons which follow, the Court concludes that defendants' Motions for Summary Judgment should be granted.

Plaintiff, a registered nurse, has alleged that defendant Malik, a physician, assaulted her on or about July 10, 1997, while both were working at Alleghany Regional Hospital. Plaintiff seeks a judgment against both defendants for her resulting injuries. Defendants have responded, through a Motion for Summary Judgment, that the Workers' Compensation Act bars

plaintiff from a common law action against the defendants. They argue that plaintiff's sole remedy is compensation under the Act. Plaintiff has argued in response that her claims are not barred by the exclusiveness of the Act.

Plaintiff's argument that she is not an employee of Malik or Alleghany Anesthesia Association fails to take into account Virginia case law that states, "in order to maintain a common law action, the defendant had to be a stranger to the trade, occupation, or business in which the plaintiff was involved." *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 167, 327 S.E.2d 102 (1985) (quoting *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946)). This "firmly fixed rule" to determine whether a third party is a stranger to the work in which a plaintiff is engaged, requires courts to look at the facts of each case and determine if the third party was directly involved in the work of the employer. *Id.* at 169. In this case, defendants' duties were an integral part of the work performed by the hospital and they were certainly not strangers to the work in which plaintiff was involved.

Plaintiff also argues that the assault does not constitute an accident. It is very clear that assaults may constitute accidents for purposes of Workers' Compensation. *Reamer v. National Service Industries*, 237 Va. 466, 470, 377 S.E.2d 627 (1989). However, assaults like any injury, must "arise out of and in the course of" the employment. *Id.*

Thus the issue in this case more properly is whether the alleged assault meets the test of "arising out of and in the course of" the employment. Defendants state that "since plaintiff's claim is for an injury by accident in the course of employment, her claim is barred under the Workers' Compensation Act." This is a misstatement of the law. The Virginia Supreme Court has stated that the statutory conditions "arising out of" and in "the course of" employment are not the same. *Metcalf v. A. M. Express Moving Systems, Inc.*, 230 Va. 464, 467, 339 S.E.2d 177 (1986). These two phrases constitute two separate tests. To come within the domain of Workers' Compensation, "both must be established before compensation may be awarded." *Id.*

An accident arising "in the course of" employment is one which occurs "within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling duties of his employment or is doing something which is reasonably incidental thereto." *Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 525 S.E.2d 278 (2000). Accepting the facts alleged by the plaintiff, it is clear that the alleged assault took place in the course of employment.

The second test, whether an injury "arises out of" employment, presents the difficult question in this case. In *Combs*, the Supreme Court stated: "we have repeatedly quoted with approval the test enunciated in *In re Employers'*

*Liab. Assur. Corp.*, 215 Mass. 497, 102 N.E. 697 (1931)," that "an injury arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." 259 Va. at 508. The Supreme Court has also stated that this constitutes an "actual risk" test. *Combs*, 259 Va. at 510; *Richmond Newspapers*, 249 Va. at 372. The injury must be seen "to have followed as a natural incident of the work" and "to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment." *Richmond Newspapers*, 249 Va. at 372. "It must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." *Richmond Newspapers*, 249 Va. at 373.

In cases involving assaults by co-workers, including statutory co-workers, the approach by the Court to determine if an injury meets the actual risk test is to examine the motive of the actor committing the assault. In *Hopson v. Hungerford Coal Co.*, 187 Va. 299, 46 S.E.2d 392 (1948), the Supreme Court stated that "motive was the vital element in the case." 187 Va. 299, 307 (1948). The court upheld the decision of the Industrial Commission to deny Workers' Compensation to the widow of an employee who was killed in the course of employment. *Hopson*, 187 Va. at 307. In *Richmond Newspapers*, a case similar to the one before the Court, the Supreme Court's decision relied on the fact that the motivation for an assault appeared to be personal. 249 Va. at 373. The Court found that the employee assaulted was therefore not barred from pursuing a common law action against his employer. *Id.* In another recent, similar case, *Morgan v. MDC Holdings, Inc.*, an employee filed a common law suit against her employer in relation to sexual assaults against her which occurred in the workplace. 2000 Va. Cir. LEXIS 161, 2000 WL 1210879 (Va. Cir. 2000) The employer argued that the employee's claims were barred because her exclusive remedy was compensation under Workers' Compensation. The circuit court disagreed. The circuit court noted that "recent Virginia Supreme Court cases involving sexual assaults against employees in the workplace have reached uniform results: if the assault was not directed at the employee because of his or her employment, it does not arise out of the employment." *Id.* The court further noted that "the result does not change if the assailant is a fellow employee or a supervisor." *Id.* The Court found that the sexual assaults were personal in nature and did not arise out of the employee's employment; "it cannot possibly be suggested that what occurred

here was in any manner in furtherance of the corporate defendants' business." *Id.*

The defendants rely heavily upon *Salazar v. Ballesteros* in their arguments. 981 F. Supp. 960 (1997). In *Salazar,* the federal court correctly applied Virginia law to decide that a postal service employee's injuries from an assault were work related. *Id.* at 965. In making this determination, the federal court placed emphasis on the fact that the altercation between the parties arose as a result of a disagreement over methods of performing their assigned tasks, and there was no evidence to suggest that either party was acting outside of their ordinary course of business. *Id.* at 963. The Court assessed the motivation for the assault and found that the employee's injury "arose out of" her employment "because the altercation arose as a result of a work-related argument." *Id.* at 965.

Plaintiff's Interrogatory Number 4 asks the Plaintiff to describe the incident in detail as outlined in her Motion for Judgment. For her answer, plaintiff adopted the contents of her letter of July 11, 1997, addressed to Debra Clark, Director of Nursing Services. A review of this letter in its totality makes it clear that the "motive" for the assault in this case was not personal but arose as a result of a work-related argument. *Salazar, id.*

Rule 3:18 of the Rules of the Virginia Supreme Court provides in part as follows:

> If it appears from the pleadings, the order, if any, made at a pretrial conference, the admission, if any, in the proceedings, or upon sustaining a Motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in his favor.

A trial court may enter summary judgment pursuant to Rule 3:18 of the Supreme Court of Virginia when no material fact is genuinely in dispute. The Court must adopt those inferences from the facts that are most favorable to the non-moving party unless the inferences are strained, forced, or contrary to reason. (Memorandum in Support of Defendant Malik's Motion for Summary Judgment, pp. 1-2.)

For all of the aforesaid reasons, the Court is of the opinion that the defendants' Motions for Summary Judgment and Pleas in Bar should be sustained.