Present:  All the Justices

MICHELLE M. BUTLER
                                          OPINION BY
v.  Record No. 050022      JUSTICE LAWRENCE L. KOONTZ, JR.
                                       November 4, 2005
SOUTHERN STATES
 COOPERATIVE, INC., ET AL.


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
               J. Howe Brown, Jr., Judge Designate


     In this appeal, the dispositive issue is whether the

Circuit Court of Loudoun County (trial court) erred in

sustaining special pleas in bar to a motion for judgment filed

by an employee against her co-employee and employer on the

ground that the assault for which damages were sought was an

injury by accident that arose out of and in the course of the

employment.  Based on the facts as alleged in the motion for

judgment, the trial court ruled that the employee's common-law

action is barred by the exclusivity provision of the Workers'

Compensation Act provided by Code § 65.2-307, and that the

exceptions to that exclusivity provision provided by Code

§ 65.2-301 do not apply.

                          BACKGROUND

     The trial court heard no evidence in support of the special

pleas in bar.  Thus, we consider the allegations in the motion

for judgment to resolve the issue presented and take the facts

as alleged therein as true.  See Safeway, Inc. v. DPI

<u>Midatlantic, Inc.</u>, 270 Va. 285, 286 n.1, 619 S.E.2d 76, 77 n.1 (2005); <u>Niese v. City of Alexandria</u>, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002).  The following recitation of the pertinent facts adheres to this rule of appellate review.

In May 2000, Michelle M. Butler began working at the Middleburg, Virginia retail store of Southern States Cooperative, Inc. (Southern States), a business cooperative that specializes in selling agricultural supplies.  Butler's responsibilities included operating the cash register, scheduling and making deliveries, opening and closing the store, performing inventory checks, making flyers and pricing signs, ordering supplies, filing and other general duties.  Butler's immediate supervisor and manager of the store was Dan Virts.

In July 2003, Clarence W. Allen was employed by Southern States to work at the Middleburg store as a delivery person. Southern States was aware at the time it hired Allen that he had been convicted of felony rape and had a felony parole violation on his criminal record.  Allen frequently made personal comments to Butler, including comments that he wanted "to date" her and that he "always got what he wanted."

On August 11, 2003, owing to the heavy volume of business that day, Butler was required to assist Allen in making a delivery of feed to a customer.  When Butler entered the cab of

2

the delivery truck, she tucked her uniform shirt, which was missing two buttons, into her pants. Butler was wearing a t-shirt under her uniform shirt. Allen offered to fix Butler's shirt for her. When Butler declined, Allen told her that she was "getting him all excited" and he pointed to a "bulge" in his pants as proof of his excitement. Allen then ran his hand through Butler's hair, slowed down the truck, and leaned over and licked Butler's ear. Ultimately, Allen stopped the truck, removed his seatbelt, leaned in, and grabbed Butler's face with his hands. He then attempted to kiss Butler on the lips, holding onto her face the entire time. Butler was frightened and protested. Allen told her, "well, you know what I want." Butler continued to pull away and resist until Allen ceased his advances. During this incident Allen told Butler that "you just don't know me like that yet."

Upon returning to the store, Butler continued to be frightened and nervous and began to feel ill. She left the store and walked to a nearby bank where her mother was employed. On her mother's advice, Butler reported the incident to the police. Subsequently, as a result of his actions, Allen was convicted of misdemeanor assault and battery pursuant to Code § 18.2-57(A).

3

On April 29, 2004, Butler filed a motion for judgment in the trial court against Southern States and Allen. Butler sought to recover damages from Southern States under claims of negligent hiring and retention of Allen, respondeat superior liability for Allen's assault and battery, and intentional infliction of emotional distress. She sought damages from Allen under claims of assault and battery and intentional infliction of emotional distress.

Allen and Southern States filed grounds of defense denying the allegations contained in Butler's motion for judgment. Southern States also filed a special plea in bar asserting that the exclusivity provision of the Virginia Workers' Compensation Act, Code § 65.2-307, barred Butler's claims because her alleged injuries arose out of and in the course of her employment. Allen also filed a similar special plea in bar.[1]

---

[1] Southern States also filed a demurrer challenging the claims for negligent hiring and retention and intentional infliction of emotional distress. Allen also demurred to the emotional distress claim. The trial court overruled the demurrers. Southern States and Allen noted their objections to this ruling on the final order. In its brief in opposition to Butler's petition for appeal, Southern States assigned cross-error to the overruling of the demurrer with respect to the emotional distress claim. Allen in his brief purported to adopt Southern States argument on that issue, though he failed to make an express assignment of cross-error. In the order awarding Butler an appeal, this Court refused Southern States' assignment

Butler filed two pre-argument briefs in the trial court opposing the special pleas in bar. In the first brief, Butler contended that the exclusivity provision of the Workers' Compensation Act did not apply on the facts of her case because Allen's assault upon her was personal in nature and, thus, she contended that her injury did not arise out of her employment with Southern States. In the second brief, Butler also contended that Code § 65.2-301 would have application on the facts of her case.

In relevant part, Code § 65.2-301 provides:

A. Any employee who, in the course of employment, is sexually assaulted, as defined in §§ 18.2-61 [Rape], 18.2-67.1 [Forcible Sodomy], 18.2-67.3 [Aggravated Sexual Battery], or § 18.2-67.4 [Sexual Battery], and promptly reports the assault to the appropriate law-enforcement authority, where the nature of such employment substantially increases the risk of such assault, upon a proper showing of damages compensable under this title, shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits.

B. Notwithstanding the provisions of this title, an employee who is sexually assaulted and can identify the attacker may elect to pursue an action-at-law against the attacker, even if the attacker is the assaulted employee's employer or co-employee, for full damages resulting from such assault in lieu of pursuing benefits under this title, and upon repayment of any benefits received under this title.

_____

of cross-error. Accordingly, the judgment of the trial court overruling the demurrers is not at issue in this appeal and remains undisturbed.

5

On September 9, 2004, the trial court conducted a hearing on the special pleas in bar. After hearing argument of counsel, the trial court ruled from the bench that "[Code §] 65.2-301 has no application to this case. This is not a sexual assault as defined by those [criminal code sections] particularly mentioned [in the statute.]" The trial court further ruled that "[t]his is a classic example of a Workers' Compensation Act situation." Butler sought leave of the trial court to file an amended motion for judgment. The trial court denied the motion.

In a final order dated October 4, 2004, the trial court, adopting by reference its ruling made during the September 9, 2004 hearing, sustained the special pleas in bar and dismissed Butler's motion for judgment with prejudice. We awarded Butler this appeal.

DISCUSSION

Butler asserts error in the judgment of the trial court sustaining the special pleas in bar on two grounds. First, she contends that the trial court erred in finding that Allen's assault upon her is an injury by accident arising out of and in the course of her employment bringing her cause of action within

6

the ambit of the exclusivity provision of Code § 65.2-307.[2]

Second, she contends that even if her injury is otherwise compensable under the Workers' Compensation Act, the trial court erred in finding that the statutory exceptions to Code § 65.2-307 found in Code § 65.2-301 permitting an election of remedies do not apply on the facts of this case. Because Butler's first contention is dispositive of the question whether the trial court erred in sustaining the special pleas in bar, we confine our discussion to that issue.[3]

Our resolution of the dispositive issue in this case is guided by well-established principles such that a comprehensive review and recitation of our numerous prior cases is unnecessary. The Virginia Workers' Compensation Act applies to

---

[2] Code § 65.2-307(A) provides that:
The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

[3] Butler also assigned error to the trial court's denial of her motion for leave to file an amended motion for judgment. In light of our resolution of the principal issue presented in this appeal, the failure to permit the filing of the amended motion for judgment is moot, and we need not address that issue.

injuries by accident "arising out of and in the course of" an individual's employment. Code § 65.2-300. When an employee sustains such an injury, the Act provides the sole and exclusive remedy available against the employer. Rasnick v. The Pittston Co., 237 Va. 658, 660, 379 S.E.2d 353, 354 (1989). To the extent that an employee's injury does not come within the ambit of the Act, the employee's common-law remedies against his employer are preserved unimpaired. Adams v. Alliant Techsystems, Inc., 261 Va. 594, 599, 544 S.E.2d 354, 356 (2001); Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 798, 20 S.E. 530, 534 (1942). An injury comes within the ambit of the Act only if the injury satisfies both the "arising out of" and the "in the course of" prongs of the statutory requirements of compensability. With regard to the "arising out of" prong, we apply the "actual risk" test rather than the "positional risk" test, where simply being injured at work is sufficient to establish compensability, to determine whether a particular injury satisfies these statutory requirements of compensability. County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75-76 (1989).

In the present case, it is beyond question in the context of determining compensability under the Act that, as alleged in her motion for judgment, the physical assault upon Butler arose

8

"in the course" of her employment with Southern States. When the assault occurred she was in the process of making an authorized delivery of feed for her employer. The dispute between the parties and consequently the necessary focus of our analysis is whether that assault also arose "out of" Butler's employment.

"A physical assault may constitute an 'accident' within the meaning of the Act when it appears that it was the result of an actual risk arising out of the employment." Reamer v. National Service Industries, 237 Va. 466, 470, 377 S.E.2d 627, 629 (1989). And we have held that such an accident arises out of the employment if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done. See, e.g., Plummer v. Landmark Communications, Inc., 235 Va. 78, 87, 366 S.E.2d 73, 77 (1988); R & T Investments, Ltd. v. Johns, 228 Va. 249, 255, 321 S.E.2d 287, 290-91 (1984); Lynchburg Steam Bakery v. Garrett, 161 Va. 517, 522-23, 171 S.E. 493, 495 (1933).

Southern States principally relies upon this line of cases to assert essentially that Butler's allegations establish that by hiring Allen in light of his prior criminal convictions, Southern States had knowingly exposed all of its female employees to a safety risk and, therefore, there was a causal

9

connection between Butler's injury and the conditions under which Butler was required to work.  This reliance is misplaced.

We have consistently held that when an assault "is personal to the employee and not directed against [her] as an employee or because of [her] employment, the injury does not arise out of the employment."  Richmond Newspapers v. Hazelwood, 249 Va. 369, 373, 457 S.E.2d 56, 58 (1995); see also Reamer, 237 Va. at 471, 377 S.E.2d at 630; Metcalf v. A. M. Express Moving Systems, Inc., 230 Va. 464, 470, 339 S.E.2d 177, 181 (1986); City of Richmond v. Braxton, 230 Va. 161, 165, 335 S.E.2d 259, 262 (1985).

In the present case, Butler's allegations, taken as true for purposes of our review, clearly establish that Allen's assault on Butler was personal to Butler and not directed against her as an employee or because of her employment.  Allen's actions were the result of his asserted personal attraction to Butler.  Allen's actions were in no way in furtherance of Southern States' business and, therefore, Butler's injury cannot fairly be traced to her employment as a contributing proximate cause.  Our prior decisions regarding personal assaults dictate the conclusion that the assault on Butler did not arise "out of" her employment in the context of the Workers' Compensation Act.

10

Southern States maintains that Butler's allegations of respondeat superior liability in her motion for judgment necessarily cause her claim to be barred under the Act. We disagree. To plead respondeat superior liability, a plaintiff must allege that the injury caused by the act of an employee, such as Allen in this case, occurred within the scope of the employment relationship. This is directly analogous to an injury "in the course of" an individual's employment for purposes of the exclusivity analysis under the Act. However, this is only one prong of that analysis. The exclusivity provision of Code § 65.2-307 applies only to an injury both "arising out of" and "in the course of" an individual's employment. Code § 65.2-300. These requirements for compensability of a claim and, in turn, for the exclusivity of the remedy under the Act, are not synonymous. R & T Investments, 228 Va. at 252, 321 S.E.2d at 289.

As we have demonstrated, the allegations in Butler's motion for judgment, taken as true, would establish that Allen's assault did not arise "out of" the employment. Consequently, Butler did not plead herself into the bar of Code § 65.2-307 by her allegations of respondeat superior liability against Southern States. Accordingly, we hold that in the procedural posture of this case, the trial court erred in sustaining the

11

special pleas in bar and dismissing Butler's motion for judgment with prejudice.

CONCLUSION

For these reasons, we will reverse the judgment of the trial court sustaining the special pleas in bar and remand the case to the trial court for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded*.