# CIRCUIT COURT OF THE CITY OF NORFOLK

Esther Pippins

v.

Transportation District
Commission of Hampton Roads
and Larry Gray

October 3, 2012

Case No. (Civil) CL12-2197

BY JUDGE JUNIUS P. FULTON, III

This matter previously came before the Court for hearing on the Defendant's Demurrer to Plaintiff's Complaint. At a hearing on September 5, 2012, the Defendant's Demurrer was sustained, and the Complainant was granted leave to amend. Subsequently, on September 7, 2012, the Plaintiff's Amended Complaint was filed, with the Defendant's Demurrer to the Amended Complaint following.

The defendant alleges that the plaintiff's cause of action is "precluded by the exclusivity provision contained in the Virginia Workers' Compensation Act," which states that, for all claims falling within the purview of the Act, "the rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, at common law or otherwise, on account of such injury." Va. Code § 65.2-307. "An injury comes within the scope of the Act if it results from an accident arising out of and in the course of the injured employee's employment." *Simms v. Ruby Tuesday, Inc.*, 281 Va. 114, 120 (2011); see Va. Code § 65.2-300. A necessary determination in consideration of this issue is whether the incident which gives rise to this cause of action occurred in the course of employment.

"An accident arising in the course of the employment is one which occurs within the period of employment, at a place where the employee

may reasonably be expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." *Metcalf v. A. M. Express Moving Systems, Inc.*, 430 Va. 464, 468 (1986).

In this case, the incident clearly arose in the course of employment. The Amended Complaint alleges that the grasping occurred during the course of a conversation between the parties within the scope of their employment about their employment. (Amd. Compl. ¶¶ 4 & 5.)

An accident arises out of employment if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done. *Butler v. Southern States Cooperative*, 270 Va. 459, 465, (2005). In the case of an assault, if it "is personal to the employee and not directed against [her] as an employee or because of [her] employment, the injury does not arise out of the employment." *Richmond Newspapers v. Hazelwood*, 249 Va. 369, 373, 457 (1995).

In *Butler*, the defendant grabbed the plaintiff's face and attempted to kiss her after showing her a bulge in his pants. *Butler*, 270 Va. at 462. The Virginia Supreme Court found that the plaintiff's injuries did not arise out of her employment. *Id*. at 466. However, in that case, the plaintiff alleged that the defendant's "actions were the result of his asserted personal attraction" and that the defendant had previously commented about wanting to date her. *Id*. at 466. In addition, the court found that the assault of a ticket seller in a box office by her supervisor was personal in nature when he grabbed and fondled her breasts while she was making a telephone call. *City of Richmond v. Braxton*, 230 Va. 161 (1985).

In contrast, in *Downey*, a nurse claimed that a doctor assaulted her at the hospital where they worked. *Downey v. Malik*, 54 Va. Cir. 235, 235 (Allegheny County 2000). The court held that the assault arose from a work-related argument and was not personal in nature, thus the injury arose out of the employment. *Id*. at 238; see also *Hill v. Lowe's Home Centers, Inc.*, 63 Va. Cir. 461, 464 (Roanoke 2003) (finding plaintiff's arm being bitten by her supervisor to arise out of employment given it occurred directly after a refusal to assist the supervisor).

In this case, the Plaintiff does not allege that the injuries were sustained due to any personal reason. The Amended Complaint solely alleges that, while they were having a conversation, in the scope of employment, about Larry Gray's becoming the Plaintiff's supervisor, that Larry Gray grasped her breasts. (Amd. Compl. ¶¶ 4 & 5.) The fact that the alleged assault occurred during a conversation about Mr. Gray's becoming the Plaintiff's supervisor links the injury to her employment more directly than in *Hill* or *Downey*. Therefore, the Plaintiff's injury arose out of her employment. Consequently, this Court will sustain the defendant's demurrer without leave to amend.