**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1550**

TYRONE REED SCOTT, Administrator of the Estate of Della Scott, Deceased,

Plaintiff - Appellant,

v.

CG BELLKOR, LLC, d/b/a/ Chamberlayne Garden Apartments; BLUE VALLEY APARTMENTS, INC.; FICKLING MANAGEMENT SERVICES; PREMIER RE FUND, III LLC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:15-cv-00768-MHL)

Submitted: January 31, 2018                     Decided:  February 13, 2018

Before GREGORY, Chief Judge, and WILKINSON and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Curtis M. Hairston, Jr., THE GEE LAW FIRM, P.C., Richmond, Virginia, for Appellant. Mark C. Nanavati, G. Christopher Jones, Jr., SINNOTT, NUCKOLS & LOGAN, P.C., Midlothian, Virginia; Brian A. Richardson, James M. Snyder, MCCANDLISH HOLTON PC, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Reed Scott, as administrator of the estate of Della Scott, appeals the district court's order dismissing his complaint for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

As alleged in the complaint,[1] Della Scott ("Scott") was employed as a leasing agent for the Chamberlayne Garden Apartments ("the Apartments") in Richmond, Virginia. On December 19, 2013, while Scott was at work, a man named Benjamin P. Dancy entered the leasing office and requested to speak with a leasing agent who no longer worked there. After Scott informed Dancy that this particular leasing agent was no longer employed by the Apartments, Dancy pulled out a knife, robbed Scott, and forced Scott and a property manager into the leasing office's bathroom. Once inside, Dancy stabbed Scott multiple times, resulting in her death. Plaintiff alleged that Defendants, as owners, operators, and managers of the Apartments, were negligent for failing to provide adequate security.[2]

Blue Valley Apartments, Inc., and Fickling Management Services separately moved to dismiss the complaint. Finding that the Virginia Workers' Compensation Act ("VWCA"), Va. Code Ann. §§ 65.2-100 to 65.2-1310 (2017), provided the exclusive

---

[1] Plaintiff filed two separate cases in Richmond City Circuit Court, which were removed on the basis of diversity jurisdiction and consolidated by the district court. The complaints in both cases were identical in all relevant respects.

[2] The district court dismissed CG Bellkor, LLC and Premier RE Fund, III LLC as fraudulently joined.

2

remedy for Plaintiff's claim, the district court dismissed the complaint for lack of subject matter jurisdiction.

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1). *Willner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017). "An injury comes within the scope of the [VWCA] if it results from an accident arising out of and in the course of the injured employee's employment." *Simms v. Ruby Tuesday, Inc.*, 704 S.E.2d 359, 362 (Va. 2011) (citing Va. Code Ann. § 65.2-101). "When an employee sustains such an injury, the [VWCA] provides the sole and exclusive remedy available against the employer." *Id.* (internal quotation marks omitted); *see* Va. Code Ann. § 65.2-307.

The only disputed issue on appeal is whether Scott's death arose out of her employment. To determine whether an injury arose out of employment, the Supreme Court of Virginia uses "the actual risk test." *Simms*, 704 S.E.2d at 363 (internal quotation marks omitted). Under this test, "an injury comes within the [VWCA] only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done." *Id.* (internal quotation marks omitted). The injury need not be foreseeable, but it must be "peculiar to the work and not common to the neighborhood." *Id.* (quoting *Bradshaw v. Aronovitch*, 196 S.E. 684, 686 (Va. 1938)). A physical assault may qualify as an accident under the VWCA "when it appears that it was the result of an actual risk arising out of the employment." *Butler v. S. States Co-op, Inc.*, 620 S.E.2d 768, 772 (Va. 2005) (internal quotation marks omitted). Conversely, an injury does not arise out of employment if the employee would have been exposed to the

3

hazardous condition causing the injury regardless of her employment. *Simms*, 704 S.E.2d at 363.

The complaint alleged that Scott previously advised the Apartments' management of nearby criminal activity and requested that security personnel be hired to protect the Apartments' employees. Thus, as Plaintiff acknowledged, Scott was endangered by the location of her employment. *See Plummer v. Landmark Commc'ns, Inc.*, 366 S.E.2d 73, 77 (Va. 1998) ("[T]he requisite nexus in an assault case is supplied if there is a showing that the probability of assault was augmented . . . because of the special liability to assault associated with the environment in which [the employee] must work." (internal quotation marks omitted)). Moreover, Scott and Dancy only encountered each other because Dancy purported to conduct business at Scott's workplace. Finally, absent from the complaint was any allegation that Dancy knew Scott prior to the date of the attack. *See Reamer v. Nat'l Serv. Indus.*, 377 S.E.2d 627, 630 (Va. 1989) (finding employee's sexual assaults by customer who was personally acquainted with employee was "purely personal in nature" and thus fell outside VWCA). Thus, because Scott was brutally murdered, in a location she believed was unsecure, by an unfamiliar man with whom she was brought into contact through her capacity as an employee of the Apartments, we conclude that Scott's injury arose out of her employment, and that Plaintiff's sole remedy lies under the VWCA.

Accordingly, we affirm the judgment of the district court dismissing the complaint for lack of subject matter jurisdiction. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*